### STUMPF v. A. SCHREIBER BREWING CO.

(Circuit Court of Appeals, Second Circuit. May 9, 1918.)

No. 249.

1. PATENTS ⊗═328—VALIDITY—INFRINGEMENT.

The Stumpf patent, No. 1,042,168, claim 1, for an improvement in steam engines, relating to the heating of the steam within the cylinder near the inlet port, by maintaining live steam in the cylinder head, *held* valid and infringed.

2. PATENTS ⊗═328—CLAIMS—VALIDITY.

The Stumpf patent, No. 1,042,168, claim 8, for an improvement in steam engines, *held* so loosely and blindly worded as to be invalid, in view of the prior art.

3. PATENTS ⊗═165—CLAIMS—SUFFICIENCY.

Every claim represents a separate cause of action, and cannot be helped by other good claims, but must stand on the disclosure as interpreted and measured by the prior art.

4. PATENTS ⊗═328—INFRINGEMENT—WHAT CONSTITUTES.

The Stumpf patent, No. 1,042,168, claims 2, 3, and 4, for a partial jacket or hollow cover of a steam engine cylinder, *held* infringed.

5. PATENTS ⊗═160—GRANT OF CLAIMS—FILE WRAPPER CONTENTS.

The only basis for granting any patent is the specification, and while the meaning of that document can be illustrated by the solicitor's argu-

ments, or the patentee's admissions, which are part of the file wrapper contents, a copy of an advertising publication submitted to the examiner before the patent was issued cannot be considered as evidence of the basis for the grant of the patent.

Appeal from the District Court of the United States for the Western District of New York.

Bill by Johan Stumpf against the A. Schreiber Brewing Company. From an interlocutory decree for plaintiff (242 Fed. 72), defendant appeals. Modified and affirmed.

See, also, 242 Fed. 80.

Appeal by defendant from decree in equity holding valid and infringed claims 1, 2, 3, 4, and 8 of patent No. 1,042,168, issued to the plaintiff herein.

J. C. Sturgeon, of Erie, Pa., F. P. Fish and J. L. Stackpole, both of Boston, Mass., and George E. Tew, of Washington, D. C., for appellant.

C. J. Sawyer, of New York City, J. P. Croasdale, of Philadelphia, Pa., and J. J. Kennedy, of New York City, for appellee.

Before HOUGH, Circuit Judge, and LEARNED HAND and MAYER, District Judges.

PER CURIAM. The meaning and purpose of the patentee's disclosure, the state of prior art, and the scope of the claims in suit are so fully and clearly discussed in the opinion below as to render unnecessary an opinion here upon the essentials of this cause. As to such essentials we concur with the District Judge, and for the reasons assigned by him.

[1] This court is unanimously of opinion that Stumpf conceived the thought and first disclosed the means of heating the steam within the cylinder near the inlet port, by maintaining live steam in the cylinder head and around a part of the cylinder itself adjacent the head. This inventive idea is broadly embodied in claim 1, which we regard as plainly infringed.

[2, 3] We likewise hold unanimously that claim 8 is so loosely, if not blindly, worded as to read on some, if not several devices of the prior art. Since every claim represents a separate cause of action, the test of its sufficiency is whether it should prevail, if it were the only definitive statement embodying the patentee's own view of his invention's scope and meaning.

Thus considered, it is plain that this claim could not succeed, and we are aware of no method by which a bad claim can be helped out, or pulled through, by other and good ones. Every and any claim must stand on its own bottom, viz. the disclosure as interpreted and measured by prior art. If it does not demand that to which the specification entitles him, so much the worse for the patentee.

[4] A majority of the court are of opinion that defendant's method of heating steam through cylinder head and contiguous parts is a fair equivalent of the "partial jacket" or "hollow cover" of claims 2, 3, and 4, and therefore hold those claims infringed.

[5] One other matter invites comment, not that it is important here, but because it may be in other causes. Stumpf, or those engaged in exploiting his quite numerous inventions, published a book, or catalogue, describing and praising the "Stumpf engine." A copy of this publication was submitted to the examiner while this patent was on its somewhat devious path through the Office. The file wrapper was introduced in evidence below, the book came as a part of it, and it is now sought to be treated as evidence of "the basis for the grant of the patent."

The only basis for granting any patent is the specification; the meaning of that document is often illuminated by solicitor's arguments, or limited by patentee's admissions; hence the frequent importance of file wrapper contents. But this book is an advertisement, its contents not sworn to by any one, and its maker or compiler never subject to cross-examination. It is evidence of nothing, so far as we can see, except of a curiosity in Office practice.

Green v. Lynn (C. C.) 55 Fed. 516, to which plaintiff refers, relates to the certified record of sworn evidence in another litigation over the identical subject-matter; this book has no legally proven origin, and, no matter what effect it may have had on the mind of the patent granting authority, it is not competent evidence of any statement printed in it. The test is: Should it have been received over objection if offered on the trial hereof, in like manner as it was introduced in the Patent Office? We think the question answers itself in the negative. In arriving at decision, therefore, we disregard this book, as, we understand, did the court below.

Decree modified, by holding the eighth claim invalid, and, as modified, affirmed, without costs in this court.

NOTE.—Stumpf is an alien enemy, a fact presented by the record; but, at the request of counsel for appellant, we make no ruling and give no direction based on that fact.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes