## UNITED STATES v. BOTHWELL et al.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1921.)

### No. 5636.

**Public lands ⊂⟹19—Suit for unlawful inclosure and occupancy dismissed without prejudice.**

In a suit brought by the United States under Act Feb. 25, 1885 (Comp. St. § 4998), for unlawful inclosure and occupancy of public lands, where the evidence shows that none of the defendants were at the time of suit maintaining such inclosure, so as to warrant an injunction, but that it may have been built and maintained by some of them in the past, a dismissal of the bill should be without prejudice to the right to sue at law for damages for use and occupation.

⊂⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit in equity by the United States against Albert J. Bothwell and others. Decree for defendants, and the United States appeals. Modified and affirmed.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo. (Clyde M. Watts, Asst. U. S. Atty., of Cheyenne, Wyo., on the brief), for the United States.

William R. Kelly, of Greeley, Colo., for appellees Sanford.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

YOUMANS, District Judge. The United States filed a bill in the court below against Albert J. Bothwell, the Bothwell Company, a corporation, Stewart Sanford, and Archie Sanford, in which it was alleged that the United States was the owner in fee simple, as a part of the public domain, of certain lands in Natrona county, Wyo., particularly described in the bill in paragraph II. The bill also alleged:

"That said defendants, prior to the 1st day of January, 1895, but the exact date this plaintiff is not advised, have continuously up to and until the present time maintained and controlled and do now maintain and control, and threaten to continue to maintain and control, an enclosure of the lands hereinbefore described in paragraph II of this bill of complaint, by means of strong fences, which together with certain natural barriers with which they are connected, form a complete and continuous inclosure of said lands, and that said defendants wrongfully and unlawfully and by reason of the use of said fence assert the right to the exclusive use and occupancy of said described lands.

"That said fences are so constructed as to prevent stock, such as cattle, horses, sheep, and other live stock, from passing over, under, or through the same, and that said fences and all parts thereof, so as aforesaid constructed and maintained thereby prevent the free and uninterrupted access to and passage on, over, and across said described lands, or any part thereof, and thereby, by maintaining said fences, said defendants have obstructed and prevented any and all persons from peacefully entering upon and establishing settlement and residence on said described lands, or any part thereof, as might be their right to do under the laws of the United States. * * *

"That during all said last-mentioned period of time said defendants have so maintained and controlled said fences they neither had, nor now have, any claim or color of title made or acquired in good faith, nor any. asserted right thereto by or under any claim made in good faith with a view to entry thereof, at the proper United States land office under the general land laws of the United States, to said lands or any part or portion thereof.

"That during all the times defendants have maintained and controlled said fences and inclosure aforesaid they have used the said lands described in paragraph II in this bill of complaint so inclosed as aforesaid for their own exclusive use and benefit, by way of pasturing thereon many head of horses, cattle, sheep, and other stock, to the damage of the plaintiff in the sum of $41,750.

"Wherefore plaintiff prays that said defendants, their agents, servants, and employees, of every name and nature, may be restrained from further maintaining said fences and inclosures, and that said defendants be decreed to remove and destroy said fences and inclosures immediately; that, should said defendants refuse or neglect to comply with said order within the time fixed by the court herein, it be further ordered and decreed that the United States marshal, or other proper officer of the court, do proceed summarily to destroy

said fences and inclosures at the expense of the defendants, as provided in the act of February 25, 1885 (Comp. St. § 4998), under which these proceedings are brought; that plaintiff have judgment against defendants for the sum of $41,750 as damages for the use and occupancy of said lands by defendants, and that the plaintiff have such other and further relief in the premises as may be meet and proper, and in accordance with equity and good conscience."

At the conclusion of the testimony the court rendered the following decree:

"This cause came on to be heard at this term upon the pleadings, the evidence taken in open court and was argued by counsel. Thereupon, upon consideration thereof, the court finds: First, that the inclosure complained of in the bill of complaint does not come within the provisions of the statute prohibiting the inclosure of the public domain.

"Second. The court finds that the defendants, nor either of them, at the time the suit was brought or at any time prior thereto, ever exercised, or assumed to exercise, exclusive control and occupancy of the lands described in the bill.

"It is therefore ordered, adjudged, and decreed that the bill of complaint herein be, and the same is hereby, dismissed, to which ruling plaintiff by its counsel excepts."

We have read the testimony carefully. It appears therefrom that at the time of the bringing of the suit the inclosure complained of in the bill was not being maintained by any one of the defendants. It also appears from the evidence that such inclosure never had been maintained by the defendants Stewart Sanford and Archie Sanford. A part of the relief asked for is an injunction. The Sanfords having never maintained the inclosure, and Albert J. Bothwell and the Bothwell Company having ceased to maintain the inclosure prior to the bringing of the suit, there was nothing for an injunction to operate on. even if it be assumed that the inclosure theretofore maintained by Albert J. Bothwell and the Bothwell Company was unlawful. We think that the trial court was right in dismissing the bill against Stewart Sanford and Archie Sanford. We think, however, upon the record before us, that as against Albert J. Bothwell and the Bothwell Company the bill should have been dismissed without prejudice to the right of the government to bring a suit or suits at law against them for damages for the use and occupancy of the lands mentioned in the bill. In so holding we do not at this time intend to prejudge the cause or to express an opinion as to the liability of said defendants or either of them in such a suit or suits.

The decree will be modified here dismissing the bill against Albert J. Bothwell and the Bothwell Company without prejudice to the right of the United States to bring a suit at law against them for damages for use and occupation of the lands, and, as thus modified, the decree will be affirmed.