## LIBBEY–OWENS–FORD GLASS CO. v. SYLVANIA INDUSTRIAL CORPORATION et al.

District Court, S. D. New York.

Aug. 14, 1945.

Alan N. Mann and William D. Burrows, both of New York City, for plaintiff.

Howson & Howson, of New York City (Dexter N. Shaw, of Philadelphia, Pa., and Charles H. Howson and Leslie D. Taggart, both of New York City, of counsel), for defendants.

BRIGHT, District Judge.

Plaintiff brings this action to restrain alleged direct and contributory infringements by defendants of U. S. Letters Patent No. 2,056,462, by making, using and selling molding compositions and carrying out the processes embodying the patent invention, and by aiding others to carry out such processes by making and selling products intended to be used and used in carrying them out, and by acting together and conspiring to infringe said Letters Patent by carrying out part of the process covered by the patent after which the materials so partly processed were transmitted to others who performed the balance of such process.

The patent, issued on October 6, 1936, relates to the manufacture of hard infusible molded articles from ureaformaldehyde. It contains fourteen claims. Four of them relate to the preparation of a molding composition or powder containing an inert compound which, upon the application of heat and pressure, is capable of causing the composition to flow, shape and harden into the shaped article. The other claims relate to an improvement in the method of manufacturing hardened, shaped, molded articles by heat and pressure by the use of the product claimed in the other four.

Defendants answer by denying that the patents were duly and legally issued, or that they were issued for an invention, or that they have in any way infringed. As a third defense, they allege:

"Defendants aver that plaintiff is not entitled to maintain this action or to the relief sought, because plaintiff is using said Letters Patent No. 2,056,462 unlawfully to extend the alleged monopoly purporting to be granted by the method claims thereof by selling, and licensing others to sell, molding compositions with an implied license to the purchasers thereof to practice the methods purporting to be claimed by the said method claims and by confining the grant of licenses under the "method

claims to those persons who purchase from the plaintiff, or its licensees, the products to be utilized in carrying out the method purporting to be patented, and further because plaintiff in this action against these defendants for alleged infringement of said method claims is using said Letters Patent No, 2,056,462 unlawfully in an attempt to extend the alleged monopoly purporting to be granted by the said method claims in an effort to interfere with the sale of products not patented thereby."

Plaintiff now moves under Federal Rules of Civil Procedure, rule 12(b) (6), 28 U.S. C.A. following section 723c, to dismiss this defense as failing to state a claim upon which relief can be granted for the reasons, (1) that every product sold by plaintiff which is intended to carry out the patented method is patented by the product claims of the same patent, and the constructive license given to use the patented product by its sale and the method of its use does not tend unlawfully to extend the monopoly of the method claims; and (2) plaintiff has the right to an adjudication of the validity of its patent and whether defendants have infringed, directly or contributorily, which it is now doing in good faith, and its effort in that direction in no way constitutes an attempt to extend its method claims.

Defendants counter by a motion under Rule 56 for summary judgment, dismissing the complaint on the ground that there is no genuine issue as to any material fact under the defense quoted.

Both parties contend that the facts material to the defense are not in dispute. It is shown that every product, made by plaintiff and its predecessor in title to the patent and sold on a commercial basis, which is or can be used in carrying out the method claims, has been covered and patented by one or more of the product claims. The product has been sold to molders who, in carrying out the molding operation, use the patented molding composition for the purpose intended and perform the steps set forth in the method claims. No restrictions are attached to the patented product when sold, and it may be used or sold under any conditions which are legal and proper outside of any control by plaintiff. There are two licenses under the patent now outstanding, one to the American Cyanamid Company and the other to the Bakelite Corporation, which grant to them the right to manufacture and sell the molding compositions with the right to grant to purchasers of the composition a license under the processes patented. Neither plaintiff, its predecessor in title, nor its licensees has carried out the molding process on a commercial scale. The sale of molding compositions by plaintiff gives to the purchasers thereof an implied or constructive license to use, with the compositions, the processes or methods patented by the method claims of the patent, without royalty and without other consideration than the purchase of the composition. The grant of licenses under the method claim is confined to those persons who purchase the compositions from plaintiff or its licensees.

The defendant corporation also manufactures ureaformaldehyde molding compositions and sells them to the defendant Sylvan Plastics, which, in turn, sells them to purchasers who subject such compositions to heat and pressure in the mold to produce hard infusible shaped products. Neither defendant carries out the molding process in the commercial production of molded articles.

The specific claim made by defendants is that plaintiff has misused its patent by extending the monopoly granted under the method claims to the control of products not patented by such claims. In other words, the question is, does the fact that plaintiff sells a product, which is patented by product claims, legally justify it in using the method claims in the same patent, and which do not cover the product, to enlarge its monopoly in the product?

It is not questioned that a patentee cannot use his patent on a process to monopolize the sale of unpatented material used in the process. Carbice Corp. v. American Pat. Dev. Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819; Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 491, 62 S.Ct. 402, 86 L.Ed. 363; B. B. Chemical Co. v. Ellis, 314 U.S. 495–497, 62 S.Ct. 406, 86 L. Ed. 367; Mercoid Corp. v. Mid Continent Invest. Co., 320 U.S. 661–666, 64 S.Ct. 268, 88 L.Ed. 376. In such a case a court of equity will not aid such patentee against either a direct or contributory infringement.

Here, however, the product sold and used under the method claims of the patent is patented under the product claims of the same patent, and there is thus presented

a question different from that decided in any of the cases cited where the product used was unpatented. Judge Leibell has decided in the case of General Electric Co. v. Hygrade Sylvania, D.C., 61 F.Supp. 531, that under the circumstances here appearing the defense is without merit.

Defendants' argument, however, is that plaintiff and its licensees sell a product not within or protected by the monopoly granted by the method claims of the patent, and by the sale of the product, plaintiff grants to purchasers a royalty free license to carry out the patented process; neither plaintiff nor its licensees use the process; and the only license rights granted under the method claims are contingent on the purchase from it of the product. Thus, it is said, plaintiff uses the method claims to extend the monopoly thereby granted to aid it in selling the product. It contends that each patent claim is a separate monopoly. Veneer Machinery Co. v. Grand Rapids Chair Co., 6 Cir., 277 F. 419; United Nickel Co. v. California Electrical Works, 9 Cir., 25 F. 475; Stumpf v. A. Schreiber Brewing Co., 2 Cir., 252 F. 142; and that it is, therefore, immaterial, so far as the issue here presented is concerned, that process and product claims are included in the same patent or in different patents.

I cannot agree with defendants' argument. The monopoly created by the patent in question is of both the product and the method of using it. There is no extension of any monopoly granted by the patent beyond what the patent grants. If it can be said that the monopoly of the product claims is extended by the monopoly granted under the method claims, or vice versa, there is still no extension beyond the joint monopoly granted by both kinds of claims. The combination of the two in the same patent is not illegal. Musher Foundation v. Alba Trading Co. Inc., 2 Cir., 150 F.2d 885. Plaintiff does not enjoy the benefit of any greater protection by its method of doing business than has already been granted to it. And the patent, if legal, has not been extended by anything that has been shown in the motion papers. See also Special Equipment Co. v. Coe as Commissioner, 324 U.S. 370, 65 S.Ct. 741.

The question remains, however, notwithstanding this conclusion, as to what is to be done with the two motions. Clearly, the defendants' plea of defense is on its face sufficient to present an issue of "unclean hands." It confines, however, such defense to two specifications: (1) That plaintiff limits its grant of licenses under the method claims to those who purchase from it the products to be utilized in carrying out the patented method, and (2) that plaintiff, by this suit, is unlawfully attempting to extend its monopoly under the method claims in an effort to interfere with the sale of products not patented thereby. These two specifications, however, are based upon the same contention and evidence. As a pleading, the defense is good. Upon the merits, as revealed by the uncontradicted facts stated in plaintiff's moving affidavit and adopted in the defendants' moving papers, it is insufficient.

Plaintiff's motion will, therefore, be granted, and defendants' motion denied.