### SHERMAN et al. v. UNITED AUTOGRAPHIC REGISTER CO.

Civil Action No. 728.

District Court, N. D. Illinois, E. D.

May 1, 1942.

Allen & Allen, of Cincinnati, Ohio, and Clarence E. Mehlhope, of Chicago, Ill., for plaintiffs.

Chritton, Wiles, Davies & Hirschl and Bernard A. Schroeder, all of Chicago, Ill., for defendant.

BARNES, District Judge.

The plaintiffs, William C. Sherman and Katherine M. Sherman et al., as executors of the Estate of John Q. Sherman, deceased, charged infringement by the defendant, United Autographic Register Co., of Sherman Reissue Patent No. 20,452, Sherman Patent No. 1,897,031, Sherman Patent No. 2,067,210, Sherman Patent No. 2,095,292, Sherman Patent No. 2,095,293, and Sherman Patent No. 2,156,315. Defendant answered, denying infringement and validity, and also denying ownership by the plaintiffs, and charged that the plaintiffs were using the patents in suit to create a monopoly in an unpatented article, namely, stationery. The defendant also filed a counter-claim, whereby it sought a temporary and permanent injunction, restraining the plaintiffs from using or attempting to use their patents for the purpose of creating a monopoly in the sale of unpatented stationery, and praying a declaratory judgment that defendant has not infringed the claims of Patent No. 2,156,-315.

The case came on for trial and, at the time of the decision, which was rendered on May 5, 1941, the only claims and patents relied on by the plaintiffs were Claims 1, 2 and 3 of Reissue Patent No. 20,452, Claim 48 of Patent No. 2,067,210, and Claims 17, 22, 24 and 30 of Patent No. 2,095,292. The court held that the plaintiffs

had sufficient title to bring suit and that, under the decision in the case of G. S. Suppiger Co. v. Morton Salt Co., 7 Cir., 117 F.2d 968, which then set forth the law of this Circuit, in the absence of proof of any kind as to the patent situation except as between the present parties the defense of illegal monopoly had failed. The court also held Claims 1, 2 and 3 of Reissue Patent No. 20,452 infringed, if valid, but held said claims invalid. The court also held Claims 17, 22, 24 and 30 of Patent No. 2,095,292 infringed, if valid, but held the claims invalid for want of invention and because of anticipation by certain patents which were cited. Claim 48 of Patent No. 2,067,210 was held infringed and valid. Shortly thereafter, on June 9, 1941, the court made findings of fact, conclusions of law, and a decree giving effect to the decision just referred to.

Within the time limited by rule, the defendant moved for a new trial on the ground of newly discovered evidence. The court allowed the motion on terms which were complied with. The newly discovered evidence which the defendant called to the attention of the court was Krauth Patent No. 1,189,263, issued July 4, 1916, on an application filed March 11, 1915.

After the granting of the rehearing, the Supreme Court of the United States announced its opinion in Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. —— decided January 5, 1942. Because of that decision, when, as the date of the rehearing approached, counsel inquired of the court as to the scope of the rehearing, they were advised that the court would hear evidence relating not only to the Krauth Patent aforesaid but also evidence relating to the monopoly defense, heretofore referred to.

█ The rehearing has been had. The Krauth Patent has been offered and received in evidence and the question now is as to the effect thereof. In the course of the decision rendered on May 5, 1941, this court said:

"Taking up then the question of infringement of Patent No. 2,067,210—the claim which is in suit, No. 48, reads as follows: 'In a writing machine, the combination of a platen with alternatively selective feeding mechanism for advancing the record material relative to the platen, including travelling pin type feeding mean engageable in longitudinally spaced holes in the record material for advancing the record material past a writing position, a support upon which the pin type feeding means is laterally adjustable to accommodate different record material, and a frictional feeding means for advancing record material relative to the platen during nonoperative periods of the pin type feeding means.'

"The evidence shows that the defendant installs Tabuliners, such as the one in evidence, on tabulating machines for its customers, and demonstrates the use thereof to the customers' employees. These Tabuliners which the defendant installs on the machines of its customers are devices which do not look much like the devices of the Patent No. 2,067,210, but which, together with the so-called tabulating machines, correspond with and infringe Claim 48.

"The next question, of course, is: Is Claim No. 48 valid? The principal citations against this claim are the Barker Patent, No. 1,180,466; Sherman et al. Patent No. 1,254,368, and Hagemann Patent No. 2,067,022.

"None of these references show alternative means; and alternative means seem to be the heart of Claim No. 48. As far as the record shows, Claim No. 48 is valid."

In the court's opinion, Krauth discloses everything relating to the alternative feeding means that is to be found in Sherman. Accordingly Krauth anticipates Sherman, and Sherman is invalid.

The court, having arrived at this conclusion, finds that is not confronted with the necessity of determining the questions arising on the monopoly issue.