## U. M. A., Inc., v. BURDICK EQUIPMENT CO., Inc.

District Court, S. D. New York.

July 6, 1942.

Harry Price, of New York City (Morris Hirsch, of New York City, of counsel), for plaintiff.

Mock & Blum, of New York City (Ross O. Hinkle, of Chicago, Ill., of counsel), for defendant.

RIFKIND, District Judge.

Motion by defendant for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint alleges that plaintiff is the owner of U. S. Patent No. 2,140,898, covering a method of producing intermittent venous occlusion. It also manufactures and sells an apparatus for the practice of the patented method. The judgment sought is for a declaration that the patent is valid; that it is infringed by defendant who sells an apparatus designed to operate according to a method embodying features within plaintiff's monopoly and despite notice from plaintiff of its claims instructs its customers to use a method infringing the method in suit; and for damages.

Defendant claims that plaintiff is not entitled to relief because it licenses the practice of its method only to those who purchase from it the unpatented apparatus used in the practice of the method and thereby seeks to secure to itself a limited monopoly in the unpatented apparatus.

Upon the argument it became clear that none of the facts relevant to the issues raised by the motion was in dispute.

Plaintiff, as owner of the patent, grants no written license to anyone to practice its method; it sells an unpatented apparatus for the practice of its method; it treats the purchasers of its apparatus as informal licensees under its patent; it collects no royalty from its customers and its only compensation is derived from the sale of the unpatented apparatus.

These facts are indistinguishable in principle from those presented in Morton Salt Co. v. G. S. Suppiger Co., 1942, 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. ——, and B. B. Chemical Co. v. Ellis, 1942, 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. ——.

In the Morton case a machine patent was involved. The patentee had required its licensees to purchase its unpatented ma-

terials for use with the machine. That, the court held, was against public policy. The patentee's suit for an injunction and an accounting was held to have been properly dismissed on a motion for summary judgment made by the alleged infringer.

The Ellis case, decided the same day, involved a method patent. The court reached the same result. Like in the pending case, the patentee neither granted, nor asked its customers to take, written licenses. The price charged for its unpatented materials for use with its patented method was the only compensation received by the patentee. The court assumed that the infringement "did extend beyond the mere sale of the materials to the manufacturers", 314 U.S. page 497, 62 S.Ct. page 408, 86 L.Ed. ——.

I am unable to see any material difference between the Ellis case and the case at bar. One is concerned with the extension of a limited monopoly over unpatented materials; the other over an unpatented apparatus. I see no distinction in principle in this difference of fact. Nor am I aware of any logical reason for distinguishing a case where the action is against one who is alleged to infringe by sales to licensees from a case against one who is alleged to infringe by sales to non-licensees.

Plaintiff relies heavily on Leeds & Catlin Co. v. Victor Talking Machine Co., 1909, 213 U.S. 325, 29 S.Ct. 503, 53 L.Ed. 816. The doctrine of that case, if applicable here, would result in holding the defendant a contributory infringer. That case, however, is not germane to the issues of the pending suit. There the infringer was selling an unpatented constituent element of a patented combination for use with the patented article. That, the court forbade. No such circumstances are present in the suit at bar. Plaintiff is not the owner of a patent embracing the combination of a method and an apparatus.

Had the plaintiff granted written licenses on a royalty basis and annexed as a condition of the licenses an obligation on the part of the licensees to buy plaintiff's unpatented machine for the exercise of the license, it would be clear that it could not maintain a suit against one who sold another unpatented machine for the same purpose. Plaintiff's practice amounts in substance to the same thing.

Whether we say that the license was granted upon the condition that the un-

patented machine be purchased from plaintiff, or that by the purchase of the machine from the plaintiff, and only thereby, one obtained a license to the patented method does not make any objective difference. One is equal to the other, and since one is clearly condemned the other is likewise unlawful. The operative fact is that the patented method and the unpatented machine are by plaintiff's conduct yoked together and harnessed to a single monopoly more extensive than that conferred by law. Before we come to appraise the defendant's conduct the plaintiff's must receive judicial scrutiny. Since its business conduct violates public policy in the exploitation of its patent it cannot maintain this suit, and defendant's motion for summary judgment must be granted.

Submit order.