## BRUNSWICK–BALKE–COLLENDER CO. v. AMERICAN BOWLING & BILLIARD CO.

District Court, S. D. New York.

Jan. 5, 1943.

the same time give the plaintiff definite and binding assurance as to the particular kind of evidence it will be required to meet at the trial.

Kenyon & Kenyon, of New York City (Harry W. Lindsey, Jr., of Chicago, Ill., and Theodore S. Kenyon, of New York City, of counsel), for plaintiff.

Gluck & Breitenfeld, of New York City (Samuel E. Darby, Jr. and William S. Gluck, both of New York City, of counsel), for defendant.

COXE, District Judge.

These are motions by the plaintiff (1) to dismiss the Third separate defense of the amended answer, and (2) for a bill of particulars of various allegations of the Second and Third counterclaims of the amended answer.

The motion to dismiss the Third separate defense is denied. I think this defense is sufficient under the Morton Salt case, Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363; as now pleaded, it meets the objection sustained by Judge Goddard with respect to a similar defense in the former pleading. 2 F.R.D. 487.

The motion for a bill of particulars as to various allegations of the Second and Third counterclaims is also denied. I think these allegations are made with sufficient definiteness or particularity. That is all that the rule requires, and any further information needed to enable the plaintiff properly to prepare for trial may readily be obtained by means of interrogatories or in an examination before trial. It is apparent, also, that the case is peculiarly one in which a full utilization of the pre-trial procedure would not only do away with much unnecessary and burdensome paper work, but at