### DETROIT LUBRICATOR CO. v. TOUSSAINT.

#### No. 44C601.

District Court, N. D. Illinois, E. D.

Oct. 24, 1944.

Andrew Foulds, Jr., of New York City, and Bair & Freeman, of Chicago, Ill., for plaintiff.

Trevor Jones, of Chicago, Ill., for defendant.

LA BUY, District Judge.

This is an action for primary and direct infringement of combined strainer and tube connection used in refrigeration expansion valve for the purpose of filtering or straining refrigerant fluid. By bill of particulars plaintiff charges contributory infringement of the patent. Defendant has filed a motion to dismiss as to the charge of contributory infringement.

Walker on Patents, Vol. 3, § 507, defines contributory infringement as "intentional aid or cooperation in transactions which collectively constitute complete infringement. For example: where a person furnishes one part of a patented combination, intending that it shall be assembled with the other parts thereof, and that the complete combination shall be used or sold." Before one can be held for contributory infringement, he must knowingly have done some act without which the infringement would not have occurred; at least, either he must know that the ele-

ment he sells will be used in the patented combination or the element must be adapted for no other use. Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 325, 29 S.Ct. 503; Whitney v. New York Scaffolding Co., 8 Cir., 243 F. 180, 185; Barrett v. Sheaffer, 7 Cir., 251 F. 74, 80; Individual Drinking Cup Co. v. Errett, 2 Cir., 297 F. 733, 739; Westinghouse Electric & Mfg. Co. v. Precise Mfg. Co., 2 Cir., 11 F.2d 209, 212; Beidler v. Photostat Corp., D.C., 10 F.Supp. 628, 631, aff'd 2 Cir., 81 F.2d 1015; Duplex Envelope Co. v. Denominational Envelope Co., 4 Cir., 80 F.2d 179, 182; Elevator Appliance Co., Inc. v. Brooks, 2 Cir., 101 F.2d 703.

Plaintiff alleges that defendant has used apparatus in which are combined the strainer and tube connection claimed in claim 1 of said patent No. 1,959,314, including a conduit member having a substantial conical diverging end portion seating against said conical surface; that with intent to contribute to and aid in the infringement of plaintiff's said patent the expansion valves and apparatus were manufactured and sold by defendant to others to be assembled and used by them in apparatus embodying all the elements of said claim 1 of the patent, and more particularly with the intent that these expansion valves would be combined and used with the conduit member and coupling nut known to defendant and to its purchasers and users and further that to induce others to infringe said patent defendant manufactured, sold and advertised for sale the expansion valve and thereby induced others to infringe said patent.

■ The doctrine of contributory infringement is still an important element of patent law. It has been subjected to considerable interpretation and its field has been somewhat limited by the most recent decisions which defendant cites. Mercoid Corp. v. Mid-Continent Co., 1944, 320 U.S. 661, 64 S.Ct. 268; Mercoid Corp. v. Minneapolis Honeywell Regulator Co., 1944, 320 U.S. 680; Morton Salt Co. v. G. S. Suppiger Co., 1942, 7 Cir., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363; B. B. Chemical Co. v. Ellis, 1942, 1 Cir., 314 U.S. 495, 62 S. Ct.

406, 86 L.Ed. 367; Leitch Mfg. Co. v. Barber Co., 1938, 3 Cir., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Carbice Corp. v. American Patents Development Corp., 2 Cir., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819. However, such residuum as may be left in the doctrine is to be determined by the facts before the court considering the question. The doctrine is still existent and may be urged by any injured party; whether it applies to any case must be determined from the facts presented.

It therefore appears that defendant's contention (of the nonexistence of the doctrine except in cases of conspiracy pleaded as well as proved) seeks to place a limitation on the doctrine which is not warranted under the definition of contributory infringement.

■ The charge of contributory infringement is as follows:

"4. Defendant is charged with contributory infringement in that, with intent to contribute and aid in the infringement of plaintiff's said patent and with knowledge and intent that the expansion valves and apparatus manufactured and sold by defendant would be assembled and used by others in apparatus embodying all of the elements of said claim 1 of said patent * * * and defendant with intent that its said expansion valves would be combined and used with a conduit member and coupling nut.

"5. That plaintiff is without knowledge or information as to all of the persons, firms and corporations with whom defendant concerted to infringe the plaintiff's said patent and alleges that among those who were induced by defendant to infringe the plaintiff's said patent and who were provided with the said devices of the defendant adapted for and intended to be so used are the following: * * *"

The court finds that the allegations on contributory infringement are sufficient and denies the motion to dismiss as to the charge of contributory infringement. Contributory infringement is still a cause of action which must be substantiated by proof to bring it within the limited field of the doctrine.