### BAKER v. FIRST NAT. STORES, Inc.

#### No. 4593.

District Court, D. Massachusetts.

March 21, 1946.

Dike, Calver & Porter, George P. Dike, and George P. Towle, Jr., all of Boston, Mass., for plaintiff.

Peabody, Brown, Rowley & Storey and David R. Pokross, all of Boston, Mass., Butzel, Levin & Winston, Daniel G. Cullen, and Abraham J. Levin, all of Detroit, and William A. Ryan and Lyne, Woodworth & Evarts, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

The plaintiff alleges that he is the owner of United States Letters Patent No. 1,984,-780, dated December 18, 1934, for an Improvement in Dispensing Wax-Paper Packages. He alleges infringement by the defendant together with a demand for a final injunction and an accounting for profits and damages. Defendant now brings a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, based principally upon familiar doctrine laid down by the Supreme Court of the United States in B. B. Chemical Company v. Ellis, 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. 367; Morton Salt Company v. G. S. Suppiger Company, 314 U.S. 488, 788, 62 S.Ct. 402, 86 L.Ed. 363; Carbice Corporation v. American Patents Development Corporation, 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819; Mercoid Corporation v. Minneapolis-Honeywell Regulator Company, 320 U.S. 680, 64 S.Ct. 278, 88 L.Ed. 396.

The instant case falls clearly without the limits of the principles established in those cases. The B. B. Chemical, Morton Salt and Carbice cases were concerned essentially with attempts, through the device of tying contracts, to extend monopolies beyond the terms of the patent grants. The Mercoid case applied similar doctrines in the field of combination patents. American Optical Co. v. New Jersey Optical Co., D.C., 58 F.Supp. 601. There is nothing in these cases which warrants their extension to the case now before me.

In the final analysis, what the defendant is really attempting to do is to attack the validity of the patent on a motion for sum-

mary judgment. Since the Patent Office has granted a patent on this device there is at least some color of patentable invention, and the plaintiff is entitled to his day in court on these issues. Patent validity is an issue not rightly disposed of by summary judgment. American Optical Co. v. New Jersey Optical Co., supra.

The motion for summary judgment is denied.