**BURT et al. v. BILOFSKY et al.**

Civ. No. 6529.

United States District Court
D. New Jersey.

May 13, 1949.

Mock & Blum, New York City, for plaintiffs.

Morris Kirschstein, New York City, for defendants.

SMITH, District Judge.

This suit, which arises under the patent laws, was instituted pursuant to and in accordance with the provisions of the Declaratory Judgment Act, 28 U.S.C.A. § 400, now 28 U.S.C.A. § 2201. The plaintiffs filed a complaint in which they prayed a declaratory judgment on the issues of validity and infringement. The defendants filed a counterclaim in which they charged the plaintiffs with the infringement of the patent in suit and prayed injunctive relief and an accounting for profits. The suit is before the Court on a motion for summary judgment filed by the plaintiffs pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

The present motion is directed to the counterclaim and is predicated on the ground "that the defendants come into court with unclean hands in that they have unlawfully used the patent sued on in said counterclaim to extend the monopoly thereof to unpatented devices not covered by said patent." There can be no doubt that the misuse of a patent will defeat the right of the patentee to maintain an action for its infringement. Carbice Corporation v. American Patents Development Corporation, 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819; Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 788, 62 S.Ct. 402, 86 L.Ed. 363; Mercoid Corp. v. Mid-Continental Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376. This defense, although available to the plaintiff, is here supported only by the affidavits of interested parties, and even these affidavits are lacking in that degree of certainty which must be demanded on a motion of this kind.

Rule 56 does not vest in the Court the jurisdiction to summarily try factual issues on the affidavits of the parties, but vests in the Court the limited authority to enter summary judgment only if it clearly appears from the record "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." It is our opinion that the present record is so meager and inadequate that it will not support such a determination.

It appears that a similar motion was made in the case of Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61. It was therein stated, 166 F.2d at page 63: "The only effect of the misuse would be to prevent the unrepentant wrongdoer from invoking the aid of the court. It is quite clear, therefore, that if summary judgment procedure is to be effectively used by an infringer to permit him to continue to infringe without accountability, a case for summary judgment must be made out clearly and beyond the peradventure of a doubt." We agree with this opinion.

The motion for summary judgment is dismissed.