### AMERICAN AEROVAP, Inc. v. CAUTHORN et al.

#### Civ. No. 4452.

United States District Court
N. D. Texas, Dallas Division.

March 18, 1952.

A. W. Walker, Jr., Dallas, Tex., Morris Hirsch, New York City, for plaintiff.

Fitzpatrick & Dunman, Waco, Tex., Sol Goodell, Dallas, Tex., Claude A. Fishburn, Kansas City, Mo., for defendants.

ATWELL, Chief Judge.

Plaintiff alleges the ownership of letters patent No. 2,541,637, issued February 13, 1951, for, "Method of Vaporizing Lindane in Ventilated Rooms."

Generally, the complainant alleges that defendant Cauthorn is the infringer, and that the others are contributory infringers.

The defendants deny generally, and, particularly, infringement and contributory infringement. They plead various pamphlets and publications alleged to be anticipations,

and that complainant's patent lacks invention, and is invalid.

Patent relates to the evaporation, or, vaporization, and/or sublimation of Lindane in rooms at a rate to provide a concentration that will kill flies and other insects that remain in the room for a sufficient period. That such evaporation in ventilated rooms will not attain a concentration harmful to food, or, human occupants.

Once again we turn our attention to fundamentals for guiding posts in the preparation of a decree.

■ (a) Issuance of a patent is prima facie evidence of novelty and utility.

■ (b) In infringement cases, the burden rests on the plaintiff to establish infringement, but the burden is on the defendant to demonstrate illegality of patent claims.

■ (c) In an infringement case, reasonable doubt must be resolved in favor of the claim for which the patent was issued.

■ (d) Under the statute, a patentable device must not only be new and useful, but must also be an invention, or, discovery.

■ (e) The commercial success of the patented article cannot be relied upon to show validity of an otherwise invalid patent. It can only be relied upon where the question of patentability is in doubt.

■ (f) The language used in specifications and claims of a patent must be construed in accordance with its plain, usual, and ordinary meaning.

■ (g) Anticipation is charged against a patentee whether he knew of prior patents, or, prior publications.

■ (h) Equitable remedies and restraints will not enlarge the monopoly of a patentee, if such patentee requires purchasers, or, licensees to purchase the unpatented article, or, material, from such patentee. Clayton Act, § 3, 15 U.S.C.A. § 14.

A suit for infringement must be dismissed when that is clearly proven. Patent will not be thus stretched beyond its express terms. Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376. This doctrine is not limited to a case of contributory infringement. It applies equally to a case of direct infringement. Morton Salt Co. v. G. S. Suppiger, 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363.

■ (i) A new combination of old elements cooperating in a new, useful and unobvious manner to produce an improved result, is patentable. In combining features taken from disclosures of prior art, there must be the production of a useful result.

■ Novelty may result in the arrangement, or, combination of old elements whereby an advantageous result is accomplished.

■ (j) The test of process infringement is not similarity of apparatus, but whether the process is utilized.

■ (k) Claims cover only what is both described and claimed, no matter how broad the language may be.

■ Where art advanced by series of inventions so that no one can claim the complete whole, each is entitled to the specific form which he produces, and which differs from competitors' productions.

■ Adoptions by mechanic skilled in the art, without the exercise of inventor's genius, is not invention.

"Almost" is not quite enough. Even the "almost" which nearly wins the race, and which is so close to the other as to require the mechanical photo as to which wins, is still not the winner. The winner is the one that crosses the line first. The one who really completes and finishes the invention.

With these thoughts in mind, and bearing also in mind the foregoing patent fundamentals, and exercising the privilege of passing upon the credibility of witnesses and the weight of their testimony, I find as facts, supplementing the facts as stipulated by the parties, that the plaintiff is the owner and protector of the patent involved in this suit which is for the making and

use of a microscopic vapor harmful to insects in a ventilated room, and not harmful to human beings, or, to food, or, to other inanimates.

That defendant Cauthorn sought license under plaintiff, and when refused, sought association with the local superintendent of the plaintiff, which was also denied.

During such seeking and talk with the plaintiff's representative in Texas, he received considerable information as to the methods and the physical paraphernalia used by the plaintiff, and, thereafter, when he sought assocation with the plaintiff's agent in a joint new venture, he advised the agent that he could make the physical instruments, such as a domestic unit, and a commercial unit, at a very much less cost. Such units being shown in evidence as plaintiff's exhibits 7 and 8, during this trial.

 That the defendant Cauthorn infringed plaintiff's patent, and the other defendants are contributory infringers.

That plaintiff's invention is a commercial success. That plaintiff expended a large sum in laboratory research, and in the perfection of what it is offering in its patent.

That the plaintiff sought to, and did, seek to increase its patent monopoly territory with its lessees for a time which required such lessees to purchase Lindane from it, or, from those recommended by it.

### Conclusions of Law

The infringer Cauthorn, and contributory infringers, must be restrained, and the plaintiff denied the right of recovery for any damages. Equity refusing to aid in the extension of its patent monopoly.

Some interesting cases which have been considered, include, Minerals Separation v. Hyde, 242 U.S. 261, 37 S.Ct. 82, 61 L.Ed. 286, which related to improvements in the concentration of ores by a process of oil flotation; Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097; Carbice Corp. of America v. American Patents Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819; of the claims, 1, 2, 3, 7 and 8, are the ones relied on in this suit; Lakewood Engineering Co. v. Stein, 6 Cir., 8 F.2d 713; Harris v. Ladd, 8 Cir., 34 F.2d 761; Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005.