**GEORGIA–PACIFIC PLYWOOD CO.,**
Plaintiff,

v.

**UNITED STATES PLYWOOD CORP.,**
Defendant.

United States District Court
S. D. New York.

Feb. 25, 1956.

See also 18 F.R.D. 463.

John V. Groner and Delavan Smith, New York City, for plaintiff.

Floyd H. Crews and Darby & Darby; James M. Heilman and Heilman & Heilman, New York City, for defendant.

RYAN, District Judge.

This suit for a declaratory judgment of invalidity and non-infringment of three patents was filed on March 15, 1955. The defendant has pleaded a counterclaim for infringement of one of the patents asking for injunctive relief and an accounting. Chief Judge Bondy on November 18, 1955 denied plaintiff's application for a continuance of trial to April 9, 1956, and directed that the suit be adjourned to the calendar of February 28, 1956 ("on stipulation that plaintiff will not ask for any further adjournment except for good cause shown.")

Plaintiff now moves for permission to amend three separate paragraphs of its complaint; no objection is made to the first two proposed amendments; defendant does object to the third which alleges a misuse of the patent in suit by the granting of licenses by defendant in violation of the antitrust laws. Such a misuse of patent rights operates only to suspend and temporarily deprive an owner of a patent of his right to invoke the aid of the court, and especially of an equity court, in protecting his property therein; it does not affect the validity of the patent itself. Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 492, 315 U.S. 788, 62 S.Ct. 402, 86 L.Ed. 363. In the instant suit this claim of alleged misuse would only be reached in the event of a finding of validity and of infringement, and then would be pertinent on an accounting and injunction for infringement. It is true that it is phrased in broad general language stating really a conclusion; it serves, however, to meet the liberal re-

quirements of our civil rules; more details may be secured by interrogatories and by pretrial discovery. The fact that plaintiff should have made this application earlier than on the eve of trial should not deprive it of its right to plead this defense now alleged.

Motion to amend is granted; there appears to be "no good reason" presented to further adjourn the trial and the granting of permission to amend may not be urged as a reason for further postponement.