COTT BEVERAGE CORPORATION,
Plaintiff,

v.

CANADA DRY GINGER ALE, Incorporated, Roy W. Moore, Kingman Moore, Roy W. Moore, Jr., William J. Williams, S. Bayard Colgate, Wilbur M. Collins, William N. Enstrom, Kenneth J. Hanau, James M. Mathes, and Eugene W. Stetson, Jr., Defendants.

United States District Court
S. D. New York.
Nov. 13, 1956.

Bader & Bader, New York City, for plaintiff. I. Walton Bader, New York City, of counsel.

Cravath, Swaine & Moore, New York City (Ralph L. McAfee, Allen F. Maulsby, New York City, of counsel), for defendants Canada Dry Ginger Ale, Inc. Roy W. Moore, Kingman Moore, Roy

W. Moore, Jr., William J. Williams, Wilbur M. Collins.

McGOHEY, District Judge.

The corporate defendant and the individual defendants Williams, Collins and the three Moores attack on several grounds the four "Causes of Action" set forth in the complaint.

The first alleges that the corporate defendant and its several directors conspired, in violation of Sec. 1 of the Sherman Act, 15 U.S.C.A. § 1, to restrain interstate commerce in soft drinks. No others are alleged to have participated in the conspiracy.

 The motion first seeks to dismiss this "Cause of Action" on the ground that it fails to state a claim on which relief may be granted because the corporate defendant, which can act only through its directors and officers, cannot conspire with itself. This part of the motion will be granted on the merits on the authority of Nelson Radio & Supply Co. v. Motorola.[1] "The Act," the court there said, "does not purport to cover a conspiracy which consists merely in the fact that the officers of the single defendant corporation did their day to day jobs in formulating and carrying out its managerial policy."[2] The Supreme Court denied certiorari.[3] The decision in Lorain Journal v. United States[4] is not to the contrary as the plaintiff seems to suppose. That decision does not rest on a finding of conspiracy in violation of Sec. 1 of the Sherman Act, but on "an attempt to monopolize" in violation of Sec. 2 of that Act, 15 U.S.C.A. § 2. Under the latter section it is not necessary to allege and prove conspiracy. An attempt by any "person" to monopolize is sufficient. In that case the District Court, having found that the corporate defendant and its officials had attempted to monopolize, said it was unnecessary to decide "the

controversy in respect of the charges of conspiracy."[4a] Moreover the Twenty-First paragraph of the instant complaint does not allege, as the plaintiff contends, a conspiracy between the defendants and the "franchised bottlers," so as to bring this case within the Cowan Publishing case.[5] If the plaintiff contends that a conspiracy existed between the corporate defendant and the "franchised bottlers" it may serve an amended complaint to so allege.

The motion next seeks to dismiss as to the individual defendants the second and third "Causes of Action" on the ground that each fails to state a claim on which relief may be granted against the individual defendants.

The second "Cause of Action" realleges the conspiracy between the corporate and individual defendants, and charges price discriminations of the kind forbidden by 15 U.S.C.A. § 13, which it is alleged were "done at the behest and connivance of the individual defendants, making said defendants personally liable to the plaintiff on this 'Cause of Action.'"

The third "Cause of Action" also realleges the conspiracy between the corporate and individual defendants and charges various discriminations of the kind forbidden by Sec. 13a of Title 15 U.S.C.A., which, it is further alleged, were "done at the behest and connivance of the individual defendants, making them liable to the plaintiff on this 'Cause of Action.'"

 The defendants' first contention here is a repetition of their challenge to the sufficiency of the conspiracy allegations. This contention has already been sustained and needs no further comment. Secondly they contend that the individual director defendants, being "persons acting for the corporation within the scope of their employment" cannot be held per-

1. 5 Cir., 200 F.2d 911.

2. 200 F.2d 914.

3. 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356.

4. 342 U.S. 143, 72 S.Ct. 181, 182, 96 L. Ed. 162.

4a. 92 F.Supp. 794–800.

5. Caldwell-Clements, Inc., v. Cowan Publishing Corp., D.C., 130 F.Supp. 326.

sonally liable in a treble damage action brought against the corporation in whose behalf they have acted. No authority is cited to support this proposition which seems clearly contrary to the rationale of the Lorain Journal decision. Furthermore it is not supported by the statutory definition of the word "persons" in Sec. 12 of Title 15. And there is nothing in either Section 13 or 13a to suggest that Congress there used the word "persons" in any limited sense. If Congress had intended to exempt from liability in treble damage suits, "persons acting for the corporation within the scope of their employment," it must be assumed, having in mind the broad purposes of the Anti-trust laws,[6] that it would have used language appropriate to make that intention clear.[7] The defendants suggest that by enacting Sec. 24 of Title 15, making directors criminally liable, while omitting to provide, in terms, for their civil liability in treble damage suits, Congress manifested an intention to make them only criminally but not civilly liable. This suggestion which is utterly without support in the Congressional debates is rejected. Moreover no such provision was needed in order to make directors liable for torts in which they have participated,[8] and the Thirty-Second and Thirty-Ninth paragraphs of the instant complaint sufficiently charge the individual defendants with participation in the torts which though not too clearly alleged appear to be the basis of the claim.

Accordingly this part of the motion is disposed of as follows: The allegations charging conspiracy will be stricken from the second and third "Causes of Action" but the motion to dismiss them for failure to state relievable claims will be denied.

The motion next seeks dismissal of the fourth "Cause of Action" on two grounds; first, that it fails affirmatively to allege jurisdiction of the subject matter; second, that, assuming a proper statement of subject jurisdiction, it fails to state a claim on which relief may be granted. As an alternative to dismissal on the second ground, it seeks to strike paragraphs Forty-First through Fifty-Eighth as "immaterial and/or scandalous."

In this "Cause of Action" the plaintiff seeks two forms of relief; first, a judgment declaring that the trade-mark " 'Canada Dry' is now void and unenforceable" and "is no longer the exclusive property of the corporate defendant"; second, a decree cancelling "the trade-mark registrations of the trade-mark." Paragraphs Fifty-Fifth through Fifty-Eighth of the complaint allege: that the use of the trade-mark to violate the Anti-trust laws *requires* "the dedication of such trade-mark and the registrations thereof to the public for the free use by all"; that the plaintiff "now has the right to use the trade-mark" but will not do so "without a declaration of the rights thereto by this court because of the severe penalties for infringement of a valid mark"; that an actual controversy thus exists between the plaintiff and the [corporate] defendant with respect to the rights of said defendant in the trade-mark," of which the court has jurisdiction under some unspecified sections of the Trade-Mark and Anti-Trust Laws and the Declaratory Judgment Acts. In its brief the plaintiff frankly states that it recognizes the good will and value of the trade-mark "Canada Dry" and desires to use it on its own products. However, it fears thus to expose itself to a judgment for substantial damages in an infringement suit in which it might fail to establish a defense of wrongful use of the mark by its owner, disentitling the latter to relief.

This argument is singularly lacking in appeal in the context of considera-

6. See United States v. National City Lines, 334 U.S. 573–581, 68 S.Ct. 1169, 92 L. Ed. 1584.

7. See Corn Products Refining Co. v. F. T. C., 324 U.S. 726–734, 65 S.Ct. 961, 89 L.Ed. 1320.

8. See Phelps Dodge Refining Corp. v. F. T. C., 2 Cir., 139 F.2d 393–397; and Kentucky-Tennessee L. & P. Co. v. Nashville Coal Co., D.C., 37 F.Supp. 728.

tions relevant to the disposition of trade-mark controversies. Even if it be assumed that punishment so severe as suggested may be imposed for misuse of a trade-mark, it is certainly to be doubted that any court would ever go so far in order to further purposes of the sort here so boldly announced. Courts whose duty it is to enjoin practices tending to confuse and deceive the buying public, will not consciously assist a seller to palm off his goods as those of another.

In any event, however, no Congressional or judicial authority cited by the plaintiff supports its contentions. The Lanham Act [9] deprives a misuser of a trade-mark of certain evidentiary advantages, but it does not strip him of his trade-mark. While in Timken Co. v. United States [10] the Supreme Court said "A trade-mark cannot be legally used as a device for Sherman Act violation", it did not order cancellation of the registration because of Timken's illegal use of its mark.[11] The fourth "Cause of Action" will therefore be dismissed on the merits for failure to state a claim on which relief may be granted.

The defendants finally move that the plaintiff be required to make more definite and certain some of the averments in the second and third "Causes of Action." The plaintiff makes the familiar reply that the defendants are merely seeking evidence. Whatever may be the defendants' motive, their criticism of these averments is, I think, justified. Accordingly, since an amended complaint must be served in any event, the plaintiff will be required to make more definite and certain the vague and uninformative allegations in paragraphs Thirtieth a, b and c, Thirty-First, Thirty-Sixth and Thirty-Eighth. This will not require the pleading of "evidence." It will only require more precise specification of the "areas of the United States [etc.]" and "other customers" in paragraph Thirtieth; "un-economic levels" in paragraph Thirty-First; "areas [etc.]" in paragraph Thirty-Sixth; and "unreasonably low prices" in paragraph Thirty-Eighth.

Settle order in accordance herewith.

---

9. 15 U.S.C.A. § 1115(b) (7).

10. 341 U.S. 593, 71 S.Ct. 971, 975, 95 L. Ed. 1199.

11. See also as to patents, Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 493, 315 U.S. 788, 62 S.Ct. 402, 86 L. Ed. 363.