**ERIE RESISTOR CORPORATION and Clevite Corporation**

**v.**

**The UNITED STATES.**

**No. 147-56.**

United States Court of Claims.
Decided March 7, 1962.

John S. Walker, Washington, D. C., for plaintiffs. Ralph Hammar, Erie, Pa., Harry C. Page, Cleveland, Ohio, and Miles D. Pillars, Washington, D. C., were on the briefs.

Michael W. Werth, Washington, D. C., and William P. Cassedy, Washington, D. C., with whom was Asst. Atty. Gen., William H. Orrick, Jr., for defendant.

**PER CURIAM.**

On June 8, 1960 we held the patent in suit to be valid and that it had been infringed by defendant. We also held that plaintiffs are entitled to recover, and we remanded the case to the Trial Commissioner under Rule 38(c), Court of Claims, 28 U.S.C.A., to determine the amount plaintiffs are entitled to recover. Defendant now presents to us a motion to authorize and direct the Trial Commissioner to hear testimony on its defense of misuse of the patent.

While the case was pending before the Commissioner on the question of validity and infringement, defendant moved the court in 1957 for an order directing the plaintiffs to supply copies of all licenses and sublicenses and other agreements granting rights in the patent in suit. In support of this motion defendant said:

"Plaintiffs may urge that such licenses and agreements relate to matters of accounting and not to the question of validity and infringement. Clearly, this is in error. The use to which a patent is put or the *misuse* which results from such use are questions which bear directly on the issue of *validity* that is being tried before this court at this time. \* \* \*" [Emphasis added.].

Defendant now says, in a memorandum filed on February 12, 1962, that misuse does not affect the validity of the patent, but this is in direct contradiction to the position it took in the above quotation. (In its memorandum defendant says the agreements are attached to its brief filed September 27, 1961. So they were; but they were introduced in evidence by defendant in September 1957, and thus have been available to it for four years.)

These agreements were relevant to the right of the patentee to maintain a suit for infringement of the patent in suit, since misuse of the patent, if it had been made an issue, would preclude any recovery for infringement. In this sense they were relevant to the validity of the patent, as defendant stated in the above quotation.

The theory underlying the defense of misuse is that the exclusive monopoly granted a patentee should not be used as a basis for the violation of other laws, such as the anti-trust laws, or in restraint of trade, or to promote forbidden trade practices, and the like, and that when so used, the courts will not lend their aid in enforcing the patent monopoly. Morton Salt Co. v. Suppiger, 314 U.S. 488, 492, 62 S.Ct. 402, 86 L.Ed. 363. Obviously this goes to the question

of the right to recover, and not to the question of the amount of the recovery.

In response to defendant's motion in 1957, plaintiffs submitted copies of all their agreements with respect to a license to make, use, or sell the patent, and defendant introduced them in evidence.

■■■ No further testimony was introduced in support of this defense, and no request for a finding of misuse was made prior to the Commissioner's report and our decision on validity and infringement. Hence, this question was not considered by the Commissioner nor by the court when deciding the question of the right to recover. It was, however, a proper matter for consideration at that time, and would have been considered by the Commissioner and by the court had defendant relied upon this defense. Since defendant had done nothing further to support such a defense for more than two years after plaintiffs furnished the documents mentioned, we were justified in concluding defendant no longer relied on it.

The plaintiffs' right to recover has already been adjudicated in their favor. That matter is over and done with, leaving for determination only the question of the amount of recovery.

Defendant had more than ample opportunity to introduce any evidence it had to show that plaintiffs were not entitled to recover, by way of misuse, or in any other way. In defendant's present motion it does not allege that it has any newly discovered evidence of misuse. On the contrary, in its memorandum above referred to it states that it will need extensive discovery from plaintiffs to show misuse.

Now that the trial has been concluded, and the Commissioner has made his report, accompanied by an opinion, and the court has given careful consideration to the matter, and has rendered its judgment—after all this, defendant is not in position to ask the court to now reopen the trial of the question of plaintiffs' right to recover, on the ground of misuse, and to explore this vast new field, and thus prolong the matter indefinitely.

On the accounting phase of the case, the agreements attached to defendant's brief filed September 27, 1961, and introduced in evidence in September 1957, will be available for consideration on the question of the amount of the just compensation, so far as they may be relevant thereto.

It necessarily follows that defendant's present motion comes too late and must be overruled.

This is, of course, without prejudice to the right of the Government to proceed against plaintiffs for a violation of the antitrust laws, or any other law, except for the purpose of avoiding or minimizing liability for infringement of the patent in suit. Mercoid Corporation v. Mid-Continent Co., 320 U.S. 661, 671, 64 S.Ct. 268, 88 L.Ed. 376. Cf. Stoll v. Gottlieb, 305 U.S. 165, 172, 59 S.Ct. 134, 83 L.Ed. 104; Jacobson v. Miller, 41 Mich. 90, 1 N.W. 1013.

Defendant's motion is overruled.

It is so ordered.