**OLYMPIA WERKE
AKTIENGESELLSCHAFT,**
Plaintiff,

v.

**GENERAL ELECTRIC COMPANY,**
Defendant.

Civ. A. No. 77–0069–R.

United States District Court,
W. D. Virginia.

April 4, 1979.

Harwell M. Darby, Eggleston & Glenn, Roanoke, Va., for plaintiff.

William B. Poff, Law Offices, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the court at this time on defendant's motion for summary judgment. The motion is predicated on the equitable defense of laches. After careful examination of the arguments of counsel and the exhibits contained in the record, the court is of the opinion that the motion

should be denied and a separate trial be had on the issue of laches.

■ The critical issue raised by the motion appears to be the degree of knowledge held by the relevant officials of Olympia and the duty of inquiry created thereby. Actual knowledge that another is infringing upon the rights of the patentee is not mandatory since the patentee may be placed on constructive notice of such knowledge as may have been obtained upon inquiry by a reasonably diligent person. *Johnston v. Standard Mining Co.,* 148 U.S. 360, 13 S.Ct. 585, 37 L.Ed. 480 (1893); *Minnesota Mining and Manufacturing Co. v. Berwick Industries, Inc.,* 373 F.Supp. 851 (M.D.Pa.1974) *aff'd* 532 F.2d 330 (3rd Cir. 1976); *Chandon Champagne Corp. v. San Marino Wine Corp.,* 335 F.2d 531 (2d Cir. 1964); *Colonial Alloys Co. v. Kinkead Industries, Inc.,* 399 F.Supp. 1062 (N.D.Ill. 1975) *aff'd.* 539 F.2d 712 (7th Cir. 1976); *Ritter v. Rohm & Haas Co.,* 271 F.Supp. 313 (S.D.N.Y.1967); *Hamilton v. Mid-West Abrasive Co.,* 216 F.Supp. 411 (W.D.Pa. 1963). It is these twin questions of constructive knowledge and due diligence that render summary judgment inappropriate at this time. The record indicates that two Olympia officials, Mr. Heymann of Data Systems Engineering and Mr. Wehner of Sales Promotion, attended the General Electric presentation of the terminet printer in Frankfurt, Germany on October 3, 1968. On the following day, the General Electric officials traveled to Olympia's headquarters in Wilhelmshaven, Germany where a similar presentation was made to Mr. Gunther, the manager in charge of marketing data processing equipment, and Mr. Riffert, the manager in charge of typewriter development. Two weeks later, Dr. Seifert, an official of AEG–TELEFUNK-EN, prepared a memorandum recording the minutes of the October 3 meeting. This memorandum contained a description of the printing apparatus that substantially tracked the language of the claims of the patent in suit and was circulated, *inter alia,* to Dr. Reinecke, Director of Development at Olympia, and Mr. Hehn, Executive Board member in charge of sales for Olympia. The question raised by the instant motion is whether the knowledge gained by these officials is sufficient as a matter of law to give Olympia constructive knowledge that its patent had been infringed.

■ Before a motion for summary judgment can be granted, the movant must establish that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c). All material filed with respect to such a motion must be viewed in the light most favorable to the opposing party. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Butler v. Cooper,* 554 F.2d 645 (4th Cir. 1977). Unless the court is satisfied that the essential facts are free of dispute and that no controversy exists with respect to the inferences to be drawn from such facts, summary judgment cannot be granted. *Bland v. Norfolk and Southern Railroad Co.,* 406 F.2d 863 (4th Cir. 1969). While patent cases are amenable to disposition by summary judgment, *Morton Salt Co. v. Suppiger Co.,* 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363 (1942), both Justice (then Judge) Stevens and the late Justice Clark have indicated that it is rarely appropriate in such cases. *Continental Coatings Corp. v. Metco, Inc.,* 464 F.2d 1375 (7th Cir. 1972); *Advanced Hydraulic Inc. v. Otis Elevator Co.,* 525 F.2d 477 (7th Cir. 1975).[1]

---

1. It should be noted, however, that the Seventh Circuit has placed the burden of proof upon the patentee to excuse an unreasonable delay. *Baker Manufacturing Co. v. Whitewater Manufacturing Co.,* 430 F.2d 1008 (1970) *cert. denied* 401 U.S. 956, 91 S.Ct. 978, 28 L.Ed.2d 240 (1971); *Continental Coatings Corp. v. Metco, Inc., supra; Advanced Hydraulics, Inc. v. Otis Elevator Company, supra. Contra: Jenn-Air Corp. v. Penn Ventilator Co.,* 464 F.2d 48 (3rd Cir. 1972). This rule would appear to promote the resolution of these issues by summary judgment. In this circuit, the burden of proof remains on the defendant to prove laches although the burden of persuasion shifts to the plaintiff after a *prima facie* case has been established. *Giddens v. Isbrandtsen Co.,* 355 F.2d 125 (4th Cir. 1966). The careful balancing

██ To grant summary judgment in this instance would require the court to impute knowledge to the corporation on the basis of the job titles of several individuals without a true appreciation of the functions of these individuals. While other courts have imputed knowledge on the basis of circumstances less compelling than the present situation, e. g., *Marvel Specialty Company v. Magnet Mills,* 297 F.Supp. 1026 (S.D.N.Y.1969), the court would prefer to exercise its equitable discretion to require a greater exploration of the responsibilities of the corporate officials. Given the procedural constraints inherent in the application of Rule 56, it would appear to be improper to infer constructive notice to the corporation on the basis of the labels attached to the different corporate positions.

A separate trial on the issue of laches would permit a more reasoned analysis of the equities involved in this case. Resolution of this issue necessarily requires a careful weighing of the two elements of the defense, delay and prejudice, *Giddens v. Isbrandtsen,* 355 F.2d 125 (4th Cir. 1966), and this delicate task is best performed upon a more complete and developed record. *C. F. Tracerlab, Inc. v. Industrial Nucleonics Corporation,* 313 F.2d 97 (1st Cir. 1963). Accordingly, a separate trial will be held on the issue of laches and the parties are requested to complete their discovery on that issue as expeditiously as possible.

of the interests envisioned by this standard suggests to the court that resolution of the issue be postponed to permit greater development of the facts in this case than is possible in the present procedural context.