**KING INSTRUMENT CORPORATION, Plaintiff-Appellant,**

v.

**Lucioano PEREGO and Tapematic, Defendants/Cross-Appellants.**

**Nos. 91-1125, 91-1132.**

United States Court of Appeals, Federal Circuit.

Dec. 5, 1995.

---

David J. Brezner and Richard F. Trecartin, Flehr, Hohbach, Test, Albritton & Herbert, San Francisco, California, counsel for defendants/cross-appellants filed a Response to the Petition for Rehearing with a Suggestion for Rehearing In Banc. Also on the response was Nicholas H. Pandiscio, Pandiscio & Pandiscio, Waltham, Massachusetts.

Edgar H. Haug and John R. Lane, Curtis, Morris & Safford, P.C., New York City, counsel for plaintiff-appellant filed a Petition for Rehearing with a Suggestion for Rehearing In Banc.

## ORDER

A combined petition for rehearing and suggestion for rehearing in banc having been filed by the CROSS–APPELLANT, and a response thereto having been invited by the court and filed by the APPELLANT, and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the suggestion for rehearing in banc and the response having been referred to the judges who are in regular active service and who are authorized to request a poll whether to rehear the appeal in banc, and a poll having been requested, taken, and failed,

UPON CONSIDERATION THEREOF, it is

ORDERED that the petition for rehearing be, and the same hereby is, DENIED, and it is further

ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.

A separate dissent was filed by Senior Circuit Judge NIES.

Chief Judge ARCHER would rehear the appeal in banc.

The mandate of the court will issue on December 12, 1995.

NIES, Senior Circuit Judge, dissenting to denial of panel rehearing.

I urge rehearing for further argument on the legal ruling of the panel majority that a patentee may recover damages for an infringer's interference with the patentee's market in unpatented goods. In my view, based on extensive precedent, damages may legally be obtained only for injury to patent rights. Patent rights are readily identifiable, being the rights granted by the patent which the patentee is entitled to license. A patent owner obtains no right from its patent to license goods in the public domain. Moreover, the patentee may not tie a license to use its patented invention to the payment of tribute on unpatented goods. *See, e.g., Morton Salt Co. v. G.S. Suppiger Co.,* 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363 (1942).

That the tribute is labelled "damages" does not give it legitimacy. From its inception, this suit has been no more than a device for exploitation of the patentee's market in unpatented goods. As stated in *Leitch Mfg. Co. v. Barber Co.,* 302 U.S. 458, 463, 58 S.Ct. 288, 290–91, 82 L.Ed. 371 (1938):

[E]very use of a patent as a means of obtaining a limited monopoly on unpatented material is prohibited. It applies whether the patent be for a machine, a product, or a process. It applies whatever the nature of the device by which the owner of the patent seeks to effect unauthorized extension of the monopoly.

Contrary to the cited precedent, the award of damages sanctioned in this case effects a market monopoly on unpatented goods during the period of infringement.

All precedent of the Supreme Court and all other circuits, more fully cited in my principal dissent,[*] limits lost profit damages to profits attributable to the patented invention and, where, as here, the patented invention is a component of a device, requires proof that the patented component created the demand for the entire device in accordance with the "entire market value rule." *Westinghouse Co. v. Wagner Mfg. Co.,* 225 U.S. 604, 615, 32 S.Ct. 691, 694, 56 L.Ed. 1222 (1912). The opinion of the majority does not acknowledge the applicability of this precedent. It simply ignores the absence of proof and the absence

---

[*] *King Instruments Corp. v. Perego,* 65 F.3d 941, 953, 36 USPQ2d 1129, 1138 (Fed.Cir.1995). *See also Rite–Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1556, 35 USPQ2d 1065, 1078 (Fed.Cir.) (*in banc*) (Nies, J., dissenting), *cert. denied,* — U.S. ——, 116 S.Ct. 184, 133 L.Ed.2d 122 (1995).

of a finding that the patented component of the infringer's product gave the market value to the entire device as well as to spare parts. *Rite–Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1549, 35 USPQ2d 1065, 1072 (Fed.Cir.) (*in banc*) (Nies, J., dissenting), *cert. denied,* — U.S. ——, 116 S.Ct. 184, 133 L.Ed.2d 122 (1995). In effect, the majority converts patent infringement into a species of unfair competition claim. It holds that a patent does not, as heretofore, merely protect the patentee's property rights arising from the patent. Rather, a patent erects a property fence around the patentee's entire business with respect to damages. However, the patent power may not be used to enact a general law of unfair competition protecting a patentee's unpatented business. *See The Trade-Mark Cases,* 100 U.S. 82, 94, 25 L.Ed. 550 (1879) (Act of 1870 providing for federal protection of trademarks after registration in U.S. Patent Office declared unconstitutional as invalid exercise of patent power.) **

This court recently expanded legal injury for patent infringement to cover lost profits tied to a patent owner's business under a related patent. *Rite–Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 35 USPQ2d 1065 (Fed.Cir.) (*in banc*), *cert. denied,* — U.S. ——, 116 S.Ct. 184, 133 L.Ed.2d 122 (1995). I can only conclude that in denying *certiorari,* the Supreme Court had not been made aware of the significance of the fundamental change in patent rights made by the *Rite–Hite* decision. The *Rite–Hite* decision presents, in my view, the most profound departure from basic patent law concepts that any court has ever pronounced. Moreover, as the decision in this case indicates, the *Rite–Hite* decision was not an aberration—a one-time occurrence. *Rite–Hite* provides the jumping off place for further extensions of damages beyond injury to patent rights. If the constitutional power permits this perversion of patent infringement damages, and I believe it does not, it is for Congress to make this policy choice, not judges whose ruling rests on their own view that the remedies provided by Congress are inadequate recompense for patent infringement.

** Trademark infringement is a form of unfair competition. RESTATEMENT (THIRD) OF UNFAIR COMPE-

Rehearing should have been granted at least to afford the appellant an opportunity to present arguments that the *Rite–Hite* damages theory was improperly applied to this case and improperly expanded. In addition, on rehearing, the views of the Department of Justice on the constitutionality and antitrust implications of this ruling by the panel could have been obtained. A more informed decision would be rendered.

TITION, § 9, Comment c, pp. 77–78 (1995).