**WKAT, Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

Public Service Television, Inc., Intervenor.

**EASTERN AIR LINES, Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

Public Service Television, Inc., Intervenor.

**Nos. 13718, 14021, 14170, 13725.**

United States Court of Appeals District of Columbia Circuit.

April 17, 1958.

Mr. Paul A. Porter, Washington, D. C., for appellant WKAT, Inc. Messrs. George Bunn, G. Duane Vieth, James O. Juntilla and L. Reed Miller, Washington, D. C., also entered appearances for appellant WKAT, Inc.

Mr. Harold L. Russell, Atlanta, Ga., for appellant Eastern Air Lines, Inc.

Mr. Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, for appellee. Mr. Warren E. Baker, General Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Norman E. Jorgensen, Washington, D. C., for intervenor, Public Service Television, Inc. Mr. William I. Denning, Washington, D. C., also entered an appearance for intervenor.

Before PRETTYMAN, WASHINGTON, and DANAHER, Circuit Judges.

PER CURIAM.

These cases came on for consideration of appellee's motion to remand the cases to the Federal Communications Commission and said motion was argued by counsel.

It appearing that the Commission alleges in its motion that since the filing of these appeals, public charges have been made in the course of a Congressional investigation that one of the Commissioners who participated in the proceedings before the Commission, but who has since resigned, should have disqualified himself; and the Commission having lodged with the Clerk of this Court a transcript of the said investigation; and it having been agreed in oral argument that charges of the described nature were made in the said Congressional investigation; and it further appearing that the Commission has deemed the evidence brought to its attention to be sufficiently serious to warrant a motion to remand;

Therefore, for the purposes hereinafter indicated it is hereby ordered that these cases be remanded to the Commission with instructions to proceed forthwith to hold an evidentiary hearing concerning the possibility that the award heretofore made may be void *ab initio* or voidable and that a party, or various parties, may be disqualified by reason of misconduct to receive an award of a television construction permit, and in connection with that hearing the Commission shall make, at least in part but not be limited to, findings of fact in the following particulars:

what circumstances formed the basis for the public charges that one of the members of the Commission should have disqualified himself in these proceedings; and

whether any person or persons influenced or attempted to influence

any member of the Commission in respect to the present proceedings in any manner whatsoever except by the recognized and public processes of adjudication (see Root Refining Co. v. Universal Oil Products Co., 3 Cir., 1948, 169 F.2d 514, 534–535, 540–541), and, if so, the full facts and circumstances; and

whether any party to the proceeding before the Commission directly or indirectly secured, aided, confirmed, ratified, or knew of any misconduct found by the Commission to have occurred;

And it is further ordered that all parties to these cases before the Commission shall be admitted to participate as parties in the evidentiary hearing, if they so request, and that any person or persons concerning whom evidence may be received in the said hearing shall be permitted to cross-examine and to submit rebuttal testimony if he or they request the opportunity to do so;

And the Commission is further instructed to report its findings to this Court and recommend to this Court such disposition of these appeals as seems to it necessary or desirable in view of its findings of fact;

And the Commission is further instructed to notify the Attorney General of the United States of the pendency of its evidentiary hearing and the purpose thereof; and to permit him, or his designated representative, if he so moves, to participate in the hearing as amicus curiae;

And it is further ordered that this Court retain jurisdiction of these appeals pending receipt of the findings and report of the Commission pursuant to this order;

And it is further ordered that the Commission report to this Court its progress upon the foregoing duties within six weeks from this date, including such recommendations as seem to the Commission to be desirable at that stage of the proceeding.