296 F.2d 375
 111 U.S.App.D.C. 253
 WKAT, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee, Public Service
Television, Inc.,L. B. Wilson, Inc., Intervenors.
EASTERN AIRLINES, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
Public Service Television, Inc., L. B. Wilson, Inc., Intervenors.
NORTH DADE VIDEO, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
Elzey ROBERTS, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 Nos. 13718, 14021, 14170, 13725, 16089, 16091.
 United States Court of Appeals District of Columbia Circuit.
 Preliminary Order and Memorandum Dec. 23, 1960.
Argued March 22, 1961.
Opinion on the Merits July 6, 1961.
Certiorari Denied Oct. 9, 1961, See 82 S.Ct. 63.
 
 Messrs. Paul A. Porter, George Bunn, G. Duane Vieth, James O. Juntilla and L. Reed Miller, Washington, D.C., for appellant WKAT, Inc.
 Mr. Harold L. Russell, Atlanta, Ga., for appellant Eastern Airlines, Inc.
 Messrs. A. Harry Becker and Alexander Boskoff, Washington, D.C., for appellant North Dade Video, Inc.
 Messrs. Andrew G. Haley and J. Roger Wollenberg, Washington, D.C., for Elzey Roberts, appellant in No. 16091 and amicus curiae in Nos. 13718, 13725, 14021 and 14170. Mr. Michael H. Bader also entered an appearance for Elzey Roberts as amicus curiae in Nos. 13717, 13725, 14021 and 14170.
 Messrs. John L. Fitzgerald, Gen. Counsel, Max Paglin, Asst. Gen. Counsel, and Joel Rosenbloom, Counsel, Federal Communications Commission, Washington, D.C., for appellee.
 Messrs. Paul M. Segal and Robert A. Marmet, Washington, D.C., for L. B. Wilson, Inc., intervenor in Nos. 13718, 137258 14021 and 14170.
 Messrs. Norman E. Jorgensen, Washington, D.C., and William I. Denning, Washington, D.C., for Public Service Television, Inc., intervenor in Nos. 13718, 13725, 14021 and 14170.
 Mr. Richard A. Solomon, Washington, D.C., for the United States, amicus curiae in Nos. 13718, 13725, 14021 and 14170.
 Before PRETTYMAN, WASHINGTON, and DANAHER, Circuit Judges, in chambers.
 Order-- Dec. 23, 1960.
 PER CURIAM.
 
 
 1
 It appearing that intervenor Public Service Television, Inc. has filed a motion to direct appellee to vacate its purported order of July 14, 1960, to transmit the record made on the remanded issues and to direct the parties to file supplemental briefs, and that the aforesaid intervenor has also filed a motion to stay the effective date of the Commission's order of July 14, 1960, that the United States of America has filed a motion for leave to file a brief and argue orally as amicus curiae in these cases, that Elzey Roberts has filed a motion to intervene as amicus curiae in these cases and has also filed a motion for leave to file a reply to appellee's objection to the motion for stay, that intervenor L. B. Wilson, Inc. has filed a motion to expedite consideration of the motion for a stay and that appellant in case No. 16089 has filed a motion to consolidate that case with cases Nos. 13718, 13725, 14021, and No. 14170, and that objections and replies to some of the aforesaid motions have been filed and considered by the court, and it further appearing that case No. 16091, Elzey Roberts v. Federal Communications Commission, arises from the same proceedings as do the above cases, it is
 
 
 2
 Ordered by the court that insofar as intervenor Public Service Television, Inc. moves to vacate appellee's order of July 14, 1960, its motion is held in abeyance, that insofar as said intervenor moves to transmit the record made on the remanded issues, said motion is granted, and that insofar as said intervenor moves that this court direct the parties to file supplemental briefs, said motion is dismissed as unnecessary in view of the procedures set forth hereinafter respecting the filing of briefs.
 
 
 3
 It is Further Ordered by the court that the motion of intervenor Public Service Television, Inc. to stay the effective date of the appellee's order of July 14, 1960, is held in abeyance; that the request contained in the Commission's opposition to the motion for a stay that an affirmative order be entered permitting the Commission's decision of July 14, 1960, to become effective 15 days after the ruling of this court pending ultimate review of the decision on the merits, is denied; and that the motion of L. B. Wilson, Inc. to expedite consideration of the motion for a stay is denied.
 
 
 4
 It is Further Ordered by the court that the United States of America and Elzey Roberts are each allowed to file briefs as amici curiae and to participate in the oral argument, and that the motion of Elzey Roberts for leave to file a reply to appellee's objection to the motion for stay is granted.
 
 
 5
 It is Further Ordered by the court that the motion of appellant in No. 16089 to consolidate that case with cases Nos. 137188 13725, 14021, and No. 14170 is granted, and it is
 
 
 6
 Further Ordered by the court, sua sponte, that case No. 16091, Elzey Roberts v. Federal Communications Commission, is consolidated with the aforesaid cases for purposes of briefing and oral argument.
 
 
 7
 It is Further Ordered by the court that the parties are directed to proceed forthwith, in accordance with the following schedule, to prepare the cases for presentation upon the merits of the actions taken, or proposed to be taken, by the Commission in its order of July 14, 1960:
 
 
 8
 Counsel for all parties will report to the court on or before December 28, 1960, whether they have been able to agree upon a statement of the questions presented upon these appeals under the foregoing directions of the court. In the event of inability to agree upon a statement of the issues, each party may state in its brief its view of the questions presented. The court has been advised by the Commission that the record upon which its order of July 14th was premised will be forthwith filed with the Clerk of this court. Briefs on behalf of Public Service Television, Inc. and North Dade Video, Inc. will be filed on or before the 25th day after the record is filed. Briefs on behalf of L. B. Wilson, Inc. and the Commission will be filed on or before the 15th day after the briefs of Public Service Television, Inc. and North Dade Video, Inc. have been filed. Briefs on behalf of the United States, as amicus curiae, and on behalf of Elzey Roberts will be filed on or before the 15th day after the briefs of Public Service Television, Inc. and North Dade Video, Inc. have been filed. Reply briefs will be filed on or before the 10th day after the last of the foregoing briefs is filed.
 
 
 9
 All briefs may be filed in typewritten form, to be followed by printed briefs within ten days after such filing.
 
 
 10
 The joint appendix will be prepared and filed within 25 days after the last of the briefs-in-chief has been filed.
 
 
 11
 WASHINGTON, Circuit Judge, did not participate in this order.
 
 
 12
 Memorandum.
 
 
 13
 PRETTYMAN, Circuit Judge.
 
 
 14
 This Memorandum is in explanation of the order being entered in these proceedings as of this date.
 
 
 15
 On February 8, 1957, the Federal Communications Commission granted an application of Public Service Television, Inc., for a construction permit for a new television station to operate on Channel 10 in Miami, Florida. Other applicants for the permit had been WKAT, Inc., L. B. Wilson, Inc., and North Dade Video, Inc. The four applications had been considered in a comparative hearing. WKAT, Inc., petitioned this court for review of the grant of the permit (No. 13718 in this court).
 
 
 16
 Eastern Airlines, Inc., having been denied intervention before the Commission, also petitioned for review of the order and the denial of intervention (No. 13725 in this court).
 
 
 17
 Appellant WKAT, Inc., moved for a stay of the Commission order, and, on March 7, 1957, that motion was denied.
 
 
 18
 The Commission, upon the application of Public Service Television, Inc., the successful applicant, granted a modification of the construction permit. Appellant WKAT, Inc., protested the modification, its protest was denied, and it appealed from the denial (No. 14021 in this court).
 
 
 19
 Appellant WKAT, Inc., moved the Commission to reopen the comparative hearing, the motion was denied, and WKAT, Inc., appealed (No. 14170 in this court). The four cases were consolidated for briefing and argument. Appellants' brief was filed.
 
 
 20
 On March 13, 1958, the Commission moved the court to remand the cases for reconsideration. The Commission stated that public charges had been made in the course of a Congressional investigation that one of the Commissioners who had participated in the proceedings should have disqualified himself and that some of the applicants for the permit may have conducted themselves in a manner which might affect the Commission's basic determinations.
 
 
 21
 On March 14, 1958, a brief for the appellee was filed. Answers to the motion to remand were filed. The motion was argued orally. On April 17, 1958, the court remanded the cases to the Commission, with instructions that it hold an evidentiary hearing upon the allegations in the motion to remand, that the Commission make findings as a result of the hearing, and that the Commission report its findings to the court and recommend such disposition of the appeals as seemed to it necessary or desirable. The court ordered that it retain jurisdiction pending receipt of the findings and report of the Commission. The Commission filed a petition for clarification of the remand order. The Commission stated that the court's language could be interpreted as authorizing the Commission 'to reach ultimate findings or conclusions, subject to judicial review,' or it could be construed to mean that the Commission would in effect operate merely as a special master for the court. The Commission stated that its view was that it was the obligation of the Commission to determine initially the competence to participate of its individual members and the basic qualifications of applicants for permits; that it would not be appropriate for such determinations to be made originally by the court upon the basis of findings of fact developed at an evidentiary hearing; and it asked the court to make clear that in the order of remand the court was not attempting to preclude the Commission from setting aside the basic grant, it being understood that this interpretation of the order did not affect in any way the obligation of the Commission to make recommendations to the court with respect to the disposition of the appeals. The court ruled that the Commission indicated a correct understanding of the order of remand and that the Commission would report to the court its findings upon the additional evidence and would also report its modified order, if any, or the order, if any, setting aside the original order, and that the Commission would make recommendations as to the appeals in the light of its findings and of its proposed order, or orders. The petition for clarification was denied as being unnecessary.
 
 
 22
 In accordance with the remand order, the Commission made a progress report to the court and later, on July 22, 1960, a final report. Attached to the latter was a copy of a Commission decision released July 14, 1960, containing, inter alia, the Commission's findings of fact. The decision purported to set aside the original order granting the permit to Public Service Television, Inc.; to hold that three of the original applicants (Public Service Television, Inc., WKAT, Inc., and North Dade Video, Inc.) be disqualified to receive a grant; and to grant the permit to the sole remaining qualified applicant, L.B. Wilson, Inc. In its report the Commission expressed the view that the report did not automatically bring the decision of July 14th before the court for review, but that the decision was a final order granting one application and denying other applications, and that the order was reviewable in normal course by petition for review.
 
 
 23
 Petitions for reconsideration of the order of July 14, 1960, were filed with the Commission. Public Service Television, Inc., then moved the court to direct the Commission to vacate the order of July 14, 1960, and to transmit to the court the record of its hearings on the remand. L.B. Wilson, Inc., treating the foregoing motion as a notice of appeal, filed with the court a notice of intervention. Public Service Television, Inc., filed a motion which, among other things, asked the court to stay the effective date of the July 14th order until the motion to vacate had been acted upon. On September 21, 1960, the Commission stayed its order of July 14th until fifteen days after the court should have disposed of the motion for a stay filed by Public Service Television, Inc. The court, by order, directed that the proceedings be held in abeyance pending a report from the Commission upon the petitions for reconsideration then pending before it.
 
 
 24
 Elzey Roberts moved the court for leave to intervene in the appeals as amicus curiae. He had petitioned the Commission for leave to file an application for the permit to operate on Channel 10 in Miami. The Commission denied the petition. Roberts had also filed with the Commission a petition for reconsideration of the order of July 14th, and that petition was also denied. Roberts petitioned for review of the denial of his motion for reconsideration (No. 16091 in this court).
 
 
 25
 North Dade Video, Inc., filed a petition for review of the order of July 14, 1960 (No. 16089 in this court).
 
 
 26
 The United States filed a motion to intervene as amicus curiae.
 
 
 27
 On November 15, 1960, the Commission reported to the court that all pending petitions for reconsideration had been acted upon and no other sets of petitions were then outstanding. A motion to consolidate the appeal of North Dade Video, Inc. (No. 16089) with the other pending appeals was filed.
 
 
 28
 It is apparent that the basic substance of the Commission's purported order of July 14, 1960, was (1) to set aside the original grant to Public Service Television, Inc.; (2) to determine that three of the original applicants (Public Service Television, Inc., WKAT, Inc., and North Dade Video, Inc.) were disqualified, by reason of improper activity in the proceedings before the Commission, from receiving a grant; and (3) to award the permit to L.B. Wilson, Inc. The validity of the foregoing actions, or proposed actions, constitutes the issues to be decided by the court. If the order of July 14th be deemed to be a proposed order, reported to the court as a recommended action, the merits of the order are before the court in the original appeals, as to which the court retained jurisdiction. If the order of July 14th be deemed to be a final order of the Commission, appealable under the ordinary procedure relating to petitions for review, the merits of the order are before the court in the appeal of North Dade Video, Inc. In either event the substance of the matter is that the court has before it for consideration the validity of these several actions of the Commission.
 
 
 29
 It was the purport and intent of the court's order of remand that the Commission would report to the court its recommendations as to an appropriate order to be entered by the Commission upon the applicantions for the permit. However the court is not disposed to decide on this record at this time whether the order of July 14th was a proposal or was a final appealable order. This case, long delayed, has become ensnarled in procedural technicalities. The court therefore will undertake consideration of the merits of the question before it, since, under whatever procedural concept may be adopted, those merits are here for consideration.
 
 
 30
 Accordingly the motion to vacate the order of July 14th will be held in abeyance.
 
 
 31
 The factual situation as to the operation of the station on Channel 10 in Miami is that Public Service Television, Inc., the permittee under the original order of the Commission, is now on the air. L.B. Wilson, Inc., the proposed permittee under the order of July 14th, has made preparation to take over the operation and has expended funds with that intent. The Commission, by its order of September 21, 1960, has stayed the effectiveness of its order which would discontinue the service of Public Service Television, Inc., and inaugurate the service of L.B. Wilson, Inc., until fifteen days after this court acts on the motion to stay the order of July 14th. Therefore, since the changeover of operators has been stayed by the Commission action, the motion to this court for further stay is unnecessary and will be held in abeyance.
 
 
 32
 The following is being ordered in respect to the several matters now pending:
 
 
 33
 1. The motion of Public Service Television, Inc., to vacate the order of July 14th is held in abeyance.
 
 
 34
 2. The motion of Public Service Television, Inc., for a stay is held in abeyance.
 
 
 35
 3. The motion of Elzey Roberts to intervene as amicus curiae is granted.
 
 
 36
 4. The motion of the United States to intervene as amicus curiae is granted.
 
 
 37
 5. The motion of North Dade Video, Inc., to consolidate its appeal, No. 16089, with the other pending appeals for briefing and argument is granted.
 
 
 38
 6. The parties are directed to proceed forthwith, in accordance with the following schedule, to prepare the cases for presentation upon the merits of the actions taken, or proposed to be taken, by the Commission in its order of July 14, 1960:
 
 
 39
 Counsel for all parties will report to the court on or before December 28, 1960, whether they have been able to agree upon a statement of the questions presented upon these appeals under the foregoing directions of the court. In the event of inability to agree upon a statement of the issues, each party may state in its brief its view of the questions presented. The court has been advised by the Commission that the record upon which its order of July 14th was premised will be forthwith filed with the Clerk of this court. Briefs on behalf of Public Service Television, Inc., and North Dade Video, Inc., will be filed on or before the 25th day after the record is filed. Briefs on behalf of L.B. Wilson, Inc., and the Commission will be filed on or befor the 15th day after the briefs of Public Service Television, Inc., and North Dade Video, Inc., have been filed. Briefs on behalf of the United States, as amicus curiae, and on behalf of Elzey Roberts will be filed on or before the 15th day after the briefs of Public Service Television, Inc., and North Dade Video, Inc., have been filed. Reply briefs will be filed on or before the 10th day after the last of the foregoing briefs is filed.
 
 
 40
 All briefs may be filed in typewritten form, to be followed by printed briefs within ten days after such filing.
 
 
 41
 The Joint Appendix will be prepared and filed within 25 days after the last of the briefs-in-chief has been filed.
 
 
 42
 DANAHER, Circuit Judge, concurs in this Memorandum.
 
 
 43
 WASHINGTON, Circuit Judge, did not participate in the disposition of the motions.
 
 
 44
 Opinion on the merits-- July 6, 1961.
 
 
 45
 Messrs. A. Harry Becker and Alexander Boskoff, Washington, D.C., for appellant in No. 16089.
 
 
 46
 Mr. J. Roger Wollenberg, Washington, D.C., with whom Mr. Andrew G. Haley, Wahington, D.C., was on the brief, for Elzey Roberts, appellant in No. 16091 and amicus curiae in Nos. 13718, 14021 and 14170.
 
 
 47
 Mr. Max D. Paglin, Gen. Counsel, Federal Communications Commission, with whom Mr. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, at the time the brief was filed, and Messrs. Joel Rosenbloom and James T. Brennan, Counsel, Federal Communications Commission, were on the brief, for appellee.
 
 
 48
 Mr. Daniel R. Ohlbaum, Asst. Gen. Counsel, Federal Communications Commission, also entered an appearance for appellee in Nos. 13718 and 13725.
 
 
 49
 Mr. Norman E. Jorgensen, Washington, D.C., with whom Messrs. William I. Denning, Washington, D.C., and A.G. Hardy, were on the brief, for intervenor Public Service Television, Inc., in Nos. 13718, 13725, 14021 and 14170.
 
 
 50
 Mr. Robert A. Marmet, Washington, D.C., with whom Messrs. Paul M. Segal and Edwin R. Schneider, Jr., Washington, D.C., were on the brief, for intervenor L.B. Wilson, Inc.
 
 
 51
 Mr. Lewis Bernstein, Atty., Dept. of Justice, of the Court of Appeals of New York, pro hac vice, by special leave of court, for the United States of America, as amicus curiae.
 
 
 52
 Messrs. W. Wallace Kirkpatrick, Richard A. Solomon, and Henry Geller, Attys., Dept. of Justice, were on the brief for the United States of America, as amicus curiae.
 
 
 53
 Messrs. Paul A. Porter, G. Duane Vieth and James O. Juntilla, Washington, D.C., were on the brief for appellant in Nos. 13718, 14021 and 14170.
 
 
 54
 Mr. George Bunn, Washington, D.C., also entered an apparence for appellant in No. 13718.
 
 
 55
 Mr. L. Reed Miller, Washington, D.C., also entered an appearance for appellant in No. 14021.
 
 
 56
 Messrs. E. Smythe Gambrell and Harold L. Russell, Atlanta, Ga., were on the brief for appellant in No. 13725.
 
 
 57
 Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.
 
 
 58
 PRETTYMAN, Circuit Judge.
 
 
 59
 These are appeals from orders of the Federal Communications Commission. The controversy arose when mutually exclusive applications for a permit to construct a television station at Miami, Florida, were filed. An award was made to one of the applicants. It was appealed. While the appeals were pending substantially authoritative information came to the court indicating irregularity in the award. The court remanded the case for an evidentiary hearing on issues thus posed.[1] The Commission appointed a special master, who conducted extensive hearings and made findings, conclusions, and an initial decision. Exceptions being filed, the Commission held a hearing and entered a decision and order. It said, in part:
 
 
 60
 '4. The Commission, after careful evaluation of the facts, is of the opinion that the misconduct of WKAT, Inc., North Dade Video, Inc., and Public Service Television, Inc., reflects so adversely upon their character as to demonstrate that they lack the qualifications to operate the station sought in this application. None of them was satisfied to be judged upon the record made in open hearing through the processes of adjudication specified by statute and grounded upon the principles of judicial fairplay; each of them sought to influence the results by factors unrelated to the merits of the case and not a part of the hearing record. Willingness thus to pervert the processes of administrative adjudication is convincing proof that the requisite character qualifications are lacking. Their misconduct is '* * * of such moment as * * * logically and rationally to give rise to the conclusion that the public interest, convenience, and necessity would not be served were * * *' (citing cases) the applications in question, or any of them, granted.'
 
 
 61
 The Commission issued an order disqualifying the three applicants named in the foregoing quotation.
 
 
 62
 The Supreme Court appoached this subject in the Hazel-Atlas case.[2] A patent was there involved. It had been obtained by fraud on the Patent Office and sustained by carrying the fraud through to the Court of Appeals. The fraud was the preparation and publication of a spurious article purporting to be an authentic opinion of an expert used as evidence. Mr. Justice Black, writing for the Court, had this to say:
 
 
 63
 'This matter does not concern only private parties. There are issues of great moment to the public in a patent suit. Mercoid Corporation v. Mid-Continent Investment Co., 320 U.S. 661 (64 S.Ct. 268, 88 L.Ed. 376); Morton Salt Co. v. G.S. Suppiger Co., 314 U.S. 488 (62 S.Ct. 402, 86 L.Ed. 363). Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.'[3]
 
 
 64
 The Court set aside the judgment which had been entered twelve years earlier, recalled its stelve-year-old mandate, dismissed the appeal, and issued a mandate to the trial court directing it to set aside its judgment upholding the patent and to reinstate its judgment against the patent. All of these were infringement suits. The Court wrote: 'To grant full protection to the public against a patent obtained by fraud, that patent must be vacated.'[4]
 
 
 65
 In Root Refining Co. v. Universal Oil Products Co.,[5] Circuit Judge Morris A. Soper wrote:
 
 
 66
 'The client who with evil intent employs such an agent (i.e., one who attempts by personal influence to control a judge or jury or who holds himself out as able to do so) fares no better in the instant case. To him also the doors of the courts are closed. From the moment that he ceases to depend upon the justice of his case and seeks discriminatory and favored treatment, he becomes a corrupter of the Government itself and is fortuniate if he loses no more than the rights he seeks to obtain.'
 
 
 67
 This doctrine applies to the adjudicatory functions of an administrative agency. This is not a mere technicality. Surreptitious efforts to influence an official charged with the duty of deciding contested issues upon an open record in accord with basic principles of our jurisprudence, eat at the very heart of our system of government-- due process, fair play, open proceedings, unbiased, uninfluenced decision. He who engaged in such efforts in a contest before an administrative agency is fortunate if he loses no more than the matter involved in that proceeding.
 
 
 68
 We do not have here an ordinary case of 'unclean hands', in which counterbalancing considerations of public interest in the service involved might justify award despite misbehavior.[6] This case concerns corrupt tempering with the adjudicatory process itself. No public interest in service or capacity for service is paramount to the public interest in the integrity of the adjudicatory processes of government, the Commission concluded. The order proposed to be adopted by the Commission is well within its authority, the breadth of which is well illustrated by the order approved in Massachusetts Bay Telecasters, et al. v. Federal Communications Comm'n.[7]
 
 
 69
 One of the original applicants, L.B. Wilson, Inc., was not involved in irregular activities. It was found qualified by the Commission, and the Commission directed that its application be granted, subject to the proviso that any license issued upon completion of the construction be for four months and no longer. This latter action by the Commission was for the purpose of resolving a difficult practical problem. The operator who was on the air was one of the applicants found unqualified; but a license to L.B. Wilson for a full term, without comparative consideration with any new applicants, would give Wilson a measure of advantage which, in view of all the surrounding circumstances, was deemed by the Commission to be unwise. We think the decision reached by the Commission was well within its authority and was a reasonable one. It was seeking to sustain the public interest in respect to continuing television service to the viewing public in the Miami area. Closing the station entirely was an alternative not required in the circumstances. Accordingly the course followed may be approved.
 
 
 70
 A procedural problem is presented which arises from the terms of our remand. The question is whether we meant the Commission to enter orders, subject to review on appeal, or whether we meant the Commission to formulate the orders it deemed appropriate and then to report its recommendations to us. The latter is our view. In our remand order we specifically retained jurisdiction of the appeals. This was in accord with the intendment of the Act of December 29, 1950,[8] as amended August 28, 1958.[9] The second sentence of Section 7(c) of that Act[10] provides that an agency 'shall file in the court' its findings and order upon a remand for the adducement of additional evidence. This obviously means, we think, that the case remains in the court during the remand and that the court should consider the new findings and order upon the filing thereof by the agency. We think this statute does not contemplate that the agency can moot an appeal during a remand and thus foreclose court consideration of its conclusions upon the additional evidence. Our views on various aspects of this phase of our problem have been stated in McClatchy Broadcasting Co. v. Federal Communications Comm'n.[11]
 
 
 71
 The original grant of award, which is the order brought here by the original appeals, will be set aside, and the case is remanded to the Commission for entry of the order it now proposes consequent to its findings after the adducement of the additional evidence upon the remand. If we were to treat the order of the Commission now before us 'dated July 14, 1960) as a final order before us upon the appeal of North Dade Video, we would affirm it.
 
 
 72
 It is our understanding that the Commission contemplates consideration of other applications for the station, if any are offered, when the matter of a fullterm license comes before it, and it will then follow whatever proceedings are appropriate under the circumstances at that time. Its decision then will of course be subject to review here upon appeal.
 
 
 73
 So ordered.
 
 
 
 [1]
 WKAT v. Federal Communications Comm'n, 103 U.S.App.D.C. 324, 258 F.2d 418 (D.C.Cir.1958)
 
 
 [2]
 Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)
 
 
 [3]
 Id., 322 U.S. at page 246, 64 S.Ct. at page 1001
 
 
 [4]
 Id., 322 U.S. at page 251, 64 S.Ct. at page 1003
 
 
 [5]
 169 F.2d 514, 541 (3d Cir.1948), certiorari denied, Universal Oil Products Company v. William Whitman Company, 335 U.S. 912, 69 S.Ct. 481, 93 L.Ed. 444 (1949)
 
 
 [6]
 See, for example, the discussion in Federal Communications Comm'n v. WOKO, 329 U.S. 223, 229, 67 S.Ct. 213, 91 L.Ed. 204 (1946)
 
 
 [7]
 111 U.S.App.D.C. , 295 F.2d 131
 
 
 [8]
 64 Stat. 1129, 1130
 
 
 [9]
 72 Stat. 951
 
 
 [10]
 5 U.S.C.A. 1037(c)
 
 
 [11]
 99 U.S.App.D.C. 199, 203-204, 239 F.2d 19, 23-24 (1956), certiorari denied, 353 U.S. 918, 77 S.Ct. 664, 1 L.Ed.2d 665 (1957)