**UNITED AIR LINES, INC., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,**
Respondent,

**American Airlines, Inc., City and County of San Francisco, Intervenors.**

**TRANS WORLD AIRLINES, INC.,**
Petitioner,

v.

**CIVIL AERONAUTICS BOARD,**
Respondent,

**American Airlines, Inc., City and County of San Francisco, Intervenors.**

**Nos. 15414, 15415.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 17, 1962.

Decided Oct. 11, 1962.

Mr. H. Templeton Brown, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. Robert L. Stern, Chicago, Ill., and James Francis Reilly, Washington, D. C., were on the brief, for petitioner in No. 15,414.

Mr. James K. Crimmins, New York City, with whom Messrs. Joseph M. Paul, Jr., New York City, and Warren E.

---

Baker, Washington, D. C., were on the brief, for petitioner in No. 15,415.

Mr. O. D. Ozment, Associate General Counsel, Litigation and Research, Civil Aeronautics Board, with whom Messrs. John H. Wanner, General Counsel, Joseph B. Goldman, Deputy General Counsel, Arthur R. Schor and William F. Becker, Attorneys, Civil Aeronautics Board, were on the brief, for respondent.

Mr. Howard C. Westwood, Washington, D. C., with whom Mr. William H. Allen, Washington, D. C., was on the brief, for intervenor American Airlines, Inc. Messrs. John W. Douglas and Edwin H. Seeger also entered appearances for intervenor American Airlines, Inc.

Mr. William F. Bourne, San Francisco, Cal., of the bar of the Supreme Court of California, pro hac vice, with whom Mr. Thomas M. O'Connor, San Francisco, Cal., was on the brief, for intervenor City and County of San Francisco.

Mr. Lionel Kestenbaum, Attorney, Department of Justice, was on the memorandum filed in behalf of the United States as amicus curiæ.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On May 19, 1960, this court agreed with the order of the Civil Aeronautics Board awarding New York-San Francisco non-stop service to American Airlines, Inc. [intervenor], but remanded the cases to the Board "for the limited purpose of holding a hearing to determine, with all convenient speed, the relevant facts on the question of whether the Board's rules were so violated as to require a setting aside of the order." United Air Lines, Inc. v. C. A. B., 108 U.S.App.D.C. 220, 225, 281 F.2d 53, 58 (1960). The order of remand reads, in pertinent part, as follows:

"On consideration whereof, and for the reasons indicated in our opinion this day filed herein, it is ordered by this court:

"(1) that these cases are hereby remanded to the Civil Aeronautics Board for the limited purpose of holding a hearing to determine, with all convenient speed, the relevant facts on the question of whether the Board's rules were so violated as to require a setting aside of the order on review;

"(2) that all parties to these cases before the Board shall be admitted to participate as parties in the hearing, if they so request, and that any person or persons concerning whom evidence may be received in such hearing, shall, upon request, be permitted to cross-examine and to submit rebuttal testimony;

"(3) that the Board is instructed to notify the Attorney General of the United States of the scheduling and pendency of the hearing and the purpose thereof; and to permit him, or his designated representative, if he so moves, to participate in the hearing as amicus curiæ;

"(4) that on the conclusion of the hearing the Board shall make its findings and report to this court and shall submit therewith to this court a certified transcript of the hearing."

United Air Lines, Inc. and Trans World Airlines, Inc. [petitioners herein] had claimed that there were *ex parte* communications and attempts to bring influence to bear on the Board. The record then before us contained findings by the Board that some violations had in fact occurred. The Department of Justice, *amicus curiae*, had also requested remand. (See note 6, infra.)

The Board duly followed the instructions of this court and reopened the proceedings before a new examiner. Many pages of testimony were taken. All prior parties were deemed parties, and the Board's Bureau of Enforcement was substituted for the Bureau Counsel. The examiner, in his initial decision, reviewed in great detail the evidence adduced at the reopened hearings and found that neither American nor the City and County of San Francisco had violated the

Board's Rules of Practice in Economic Proceedings [1] but that both American and the City and County of San Francisco had violated the Board's Principles of Practice.[2] The examiner found that these latter violations did not deny a fair hearing to petitioners herein and concluded "that the Board recommend to the Court that this reopened inquiry be terminated and that the charges brought by TWA and United against American, San Francisco and other parties to the proceedings * * * be dismissed." He further recommended that the Board institute new rule-making proceedings to consider additional proposed amendments of a clarifying nature to Part 300, the Board's Rules of Practice in Economic Proceedings, and Part 300, the Board's Principles of Practice.[3]

On exceptions by TWA, United and Northwest Airlines (the other applicant for the New York-San Francisco service) the Board agreed with the findings and conclusions of the examiner, with certain exceptions, and issued its comprehensive opinion, in which all members of the Board concurred [one member, in addition filing a further and concurring opinion], making the following findings:

"1. That no party to the proceeding under Docket 9214 et al., violated any of the provisions of Part 302 of the Board's Procedural Regulations, commonly known as the Rules of Practice in Economic Proceedings;

"2. That the Port of New York Authority, the Port of Oakland and the Oakland Chamber of Commerce, and the San Francisco Chamber of Commerce did not at any time during the proceedings under Docket 9214 et al., violate Part 300 of the Board's Procedural Regulations, commonly known as the Principles of Practice of the Civil Aeronautics Board;

"3. That American Airlines, Inc., violated Rule 2(c) of the Principles of Practice and the City and County of San Francisco violated Rule 2(a) and 2(c) of the Principles of Practice and that in committing such violations each acted individually and on its own, except that both acted in concert with respect to their activities leading to the conference with the Board on December 2, 1957, which violated Rule 2(c);

"4. That the violations of the Principles of Practice by American and San Francisco did not result in prejudice or deny a fair hearing to any party or otherwise vitiate the proceeding;

"5. That the violations of the Principles of Practice by American were not such as to disqualify that carrier from receiving the award of the New York-San Francisco nonstop route;

"6. That the Board's Principles of Practice have not been so violated by American and San Francisco as to require a setting aside of the order granting American the New York-San Francisco nonstop route;

"7. That this opinion, containing the Board's findings, conclusions, and recommendations, together with a certified record of the proceedings on remand, be filed with the United States Court of Appeals for the District of Columbia Circuit promptly upon the expiration of the period for filing petitions for reconsideration if no such petitions are filed, or in the event that a petition for reconsideration is filed, promptly upon the disposition thereof."

Thereupon, amended petitions for review were filed in this court by United and TWA. Briefs were duly filed by the air lines, by the Board, by American, and by the Department of Justice.

Consideration of the record as submitted convinces us that the Board's findings are supported by the record, and

---

1. Procedural Regulations, Part 302.

2. Procedural Regulations, Part 300.2.

3. We are advised that the Board's Regulations have since been clarified.

that, although American is not entitled to an accolade for its actions, nevertheless there was no showing of "corrupt tampering with the adjudicatory process itself." WKAT, Inc. v. F. C. C., 111 U.S. App.D.C. 253, 261, 296 F.2d 375, 383 (1961), cert. denied, 368 U.S. 841, 82 S.Ct. 63, 7 L.Ed.2d 40. In WKAT, the Federal Communications Commission found that the misconduct there was " '* * * of such moment as * * logically and rationally to give rise to the conclusion that the public interest, convenience, and necessity would not be served were * * *' [citing cases] the applications in question, or any of them, granted." [4] There was no such misconduct shown here.

Nor was anything shown as was shown in Sangamon Valley Television Corp. v. United States, 111 U.S.App.D.C. 113, 294 F.2d 742 (1961) and 106 U.S.App.D.C. 30, 269 F.2d 221 (1960), where representations were made directly to members of the Federal Communications Commission without the knowledge of the other parties in interest. There an interested party:

" * * * admitted to the Legislative Oversight Subcommittee that while the proceeding before the Commission was pending he spoke to its members individually 'in privacy in their offices, not while they were sitting in a body as the Commission', of his desire to have Channel 2; 'knowing, of course, or expecting, that if Channel 2 went to St. Louis [he] would have good opportunity to get it.' He was 'in all the Commissioners' offices' and went 'from Commissioner to Commissioner'. He

'probably discussed' with every Commissioner his desire to have Channel 2. He testified that he had every Commissioner at one time or another as his luncheon guest, and that he gave turkeys to every Commissioner in 1955 and in 1956." [5]

That was a far cry from the present case. Here, the most important communications—even if they were contrary to the Board's rules as they then existed —were placed in a public file which was available to the petitioners if they chose to look. Nor was there anything savoring of corruption or attempt to corrupt.

Our conclusion that the Board's rules were not so violated as to require the setting aside of the order is buttressed by the memorandum filed herein by the Department of Justice as amicus curiæ,[6] stating its position as follows:

"In the circumstances, we believe that the order below should be affirmed. The actions of American Airlines were fully explored in the hearing on remand. The Board clearly found that American Airlines violated the Board's Principles of Practice by soliciting support from civic bodies, travel agents, the press and members of Congress and instigating communications by them to the Board. As this Court had directed, the Board then appraised the nature and significance of the violations. It cannot be said that the Board's conclusion to adhere to its award of the route is without adequate support in the record."

Accordingly, the decision and order of the Board are

Affirmed.

4. WKAT, Inc. v. F. C. C., 111 U.S.App. D.C. 253, at 260, 296 F.2d 375, at 382.

5. Sangamon Valley Television Corp. v. United States, 106 U.S.App.D.C. 30, at 32–33, 269 F.2d 221, at 223–224.

6. At the time the petitions for review were originally before us, the Depart-

ment of Justice urged remand, stating that the Board was under a duty to ascertain the extent of the alleged violations and to preserve the integrity of its own administrative process by holding a hearing to determine all the relative facts.