PUBLIC SERVICE TELEVISION, INC.,
Appellant

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee.

No. 17246.

United States Court of Appeals
District of Columbia Circuit.

Dec. 20, 1962.

Messrs. Vincent B. Welch and E. Tillman Stirling, Washington, D. C., for appellant.

Mr. Max D. Paglin, Gen. Counsel, Mr. Daniel R. Ohlbaum, Asst. Gen. Counsel, and Miss Ruth V. Reel, Atty., Federal Communications Commission, for appellee.

Messrs. Robert A. Marmet and Edwin R. Schneider, Jr., Washington, D. C., for intervenor, L. B. Wilson, Inc.

Before PRETTYMAN, Senior Circuit Judge, and WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

The matter before us involves the award of a construction permit for a television station to operate on Channel 10 in Miami, Florida. While petitions to review the original award were pending in this court, the Commission moved for a remand of the proceeding, due to certain information which had been developed in the course of a Congressional investigation. Upon the remand the Commission was of the view that certain of the original applicants, including Public Service Television, Inc., were disqualified to receive a grant. It awarded the permit to the sole remaining qualified applicant, L. B. Wilson, Inc., but upon cer-

1. Green v. United States, 95 U.S.App.D.C. 45, 218 F.2d 856 (D.C.Cir. 1955).

tain conditions and with restrictions, which in effect made the permit a temporary authority. These various actions of the Commission came before this court for review and were approved.[1] At the conclusion of that consideration we said:

"It is our understanding that the Commission contemplates consideration of other applications for the station, if any are offered, when the matter of a full-term license comes before it, and it will then follow whatever proceedings are appropriate under the circumstances at that time. Its decision then will of course be subject to review here upon appeal."[2]

By an order dated October 18, 1961, the Commission entered its final order, effective November 20, 1961, pursuant to which Public Service Television, Inc., ceased operation on Channel 10.

Subsequently, on February 17, 1962, the Commission issued an order directing L. B. Wilson, Inc., to file an application for the renewal of its license, and further providing that Channel 10 in Miami, Florida, be available for the filing of applications for construction permits for new television broadcast stations, "Commission Rules to the contrary, if any, notwithstanding." Public Service Television, Inc., tendered an application for a construction permit for Channel 10 in Miami. The Commission returned the application as unacceptable for filing. In its notification to the applicant it called attention to its conclusion in the prior proceeding, to the effect that this applicant lacked the "qualifications to operate the station sought in this application." It also called attention to its Rule 1.309(a). The Commission said that it appeared the application was repetitious within the meaning of that Rule. The purport of this court's opinion [3] was that by its efforts to influence corruptly an of-

ficial charged with the duty of deciding contested issues upon an open record Public Service Television, Inc., had demonstrated that it lacked the requisite character qualifications and therefore the order of the Commission rejecting it as an applicant for that license was well within its authority. The license presently sought is for the same channel in the same place. What the Commission concluded in that case respecting this applicant for that license applies equally here. The court finds no error.

It follows that the motion of Public Service Television, Inc., to reverse the action of the Commission will be denied; the Commission's motion to affirm its action will be granted; and appellant's motion for a stay will be dismissed as moot. It will be

So ordered.

1. WKAT, Inc., et al. v. Federal Communications Comm'n, 103 U.S.App.D.C. 324, 258 F.2d 418 (1958); 111 U.S.App.D.C. 253, 296 F.2d 375 (1961), cert. denied 368 U.S. 841, 82 S.Ct. 63, 7 L.Ed.2d 40 (1961).

2. 111 U.S.App.D.C. at 262, 296 F.2d at 384.

3. 111 U.S.App.D.C. at 259, 296 F.2d at 381.